Donald Peder Johnsen (011545)
dpj@gknet.com
GALLAGHER & KENNEDY, P.A.
2575 East Camelback Road
Phoenix, Arizona 85016-9225
(602) 530-8000
Attorneys for defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Rudolph Chavez, | ) | No. 2:09-CV-02521-LOA |
| | ) | |
| Plaintiff, | ) | **INDEX OF EXHIBITS ATTACHED** |
| | ) | **TO DEFENDANT'S RESPONSE TO** |
| v. | ) | **PLAINTIFF'S MOTION TO DISMISS** |
| | ) | |
| Northland Group, Inc., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

1.  Affidavit of Jeffrey A. Olson (October 12, 2010)

2.  Affidavit of Valerie Bartosh (October 12, 2010)

3.  Affidavit of Donald Peder Johnsen (October 12, 2010)

EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rudolph Chavez and Lynn Reed-Chavez, husband and wife, | Case No.  CV-09-2521-LOA |
| Plaintiffs, | |
| v. | **AFFIDAVIT OF JEFFREY A. OLSON** |
| Northland Group, Inc., | |
| Defendant. | |

State of Minnesota     )
                               )ss.
County of Hennepin   )

Jeffrey A. Olson makes the following affidavit under oath:

1. I am an attorney licensed to practice in the State of Minnesota, State of Wisconsin, United States District Court for the District of Minnesota, United States District Court for the Eastern District of Wisconsin, and the United States Tax Court.  Northland Group, Inc. has been a client of my law firm for the past several years.

2. I have practiced law since being licensed in October 1992, focusing on business law and litigation for the past 18 years.  Prior to attending law school, I was a commissioned bank examiner for the Federal Deposit Insurance Corporation, stationed in the Houston, Texas field office.

3.   My hourly rate of $275 per hour is, based upon conversations with my colleagues, low for this locale, my level of experience, and type of practice.

4.   Attached as Exhibit A is a true and correct copy of Civil Name Search Results reports for the names Rudolph Chavez and Lynn Chavez in the United States District Court for the District of Arizona.

5.   Attached as Exhibit B is a true and correct copy of a page from one of Krohn & Moss's internet websites.

6.   Attached as Exhibit C is a true and correct copy an article entitled FDCPA Lawsuits Reached All-Time High in 2009.

7.   Attached as Exhibit D is a true and correct copy of an email that I sent to Ryan Lee on December 11, 2009.  I never received a response to the email from Mr. Lee.

8.   Attached as Exhibit E is a true and correct copy of an email that I sent to Ryan Lee on December 15, 2009.  I never received a response to the email from Mr. Lee.

9.   Attached as Exhibit F is a true and correct copy Plaintiff's Rule 33 Interrogatories to Defendant.

10.  Attached as Exhibit G is a true and correct copy Plaintiff's Rule 34 Requests for Production of Documents to Defendant.

11.  Attached as Exhibit H is a true and correct copy of Plaintiff's Rule 36 Requests for Admission to Defendant.

12.  Attached as Exhibit I is a true and correct copy of the parties' Stipulation to Joinder of Spouse.

13.  Attached as Exhibit J is a true and correct copy K&M's Declaration of Ryan Lee in Support of Notice and Motion for Leave to Withdraw of Krohn & Moss, Ltd..

14. Attached as Exhibit K is a true and correct copy of an Order of this Court, dated March 30, 2010.

15. Attached as Exhibit L is a true and correct copy of Plaintiff's Rule 26(a) Disclosures, signed by Ryan Lee.

16. Attached as Exhibit M is a true and correct copy of billing records for time and expense related to this lawsuit. JAO reflects time billed by myself and JO represents time billed by my colleague, Julia O'Brien. Ms. O'Brien has practiced law since being licensed in 1993. Ms. O'Brien has considerable experience in commercial litigation and is billed at a rate of $235 per hour.

17. Attached as Exhibit N is a true and correct copy of a Declaration of Plaintiff and a true and correct copy of the Docket for Case # :09-cv-02422-DWF-JJG, District of Minnesota, White v. Northland Group, Inc. wherein Krohn and Moss sought dismissal of their client's claim when Northland sought to take Plaintiff's deposition. Counsel for Northland was willing to travel to Plaintiff to take her deposition. Plaintiff apparently suffered health issues in 2006, filed her claim in 2009, but after filing her lawsuit determined that proceeding with the case "would be a great imposition to [her]."

18. Attached as Exhibit O is a true and correct copy of p. 7 of Krohn and Moss's Memorandum in Opposition to Summary Judgment and Docket for Case #09-cv-0329-ADM-LIB, District of Minnesota, Shatto v. Northland Group, Inc. wherein Krohn & Moss advised the Court that it was withdrawing most of its claims in that action. Plaintiff withdrew said claims after Plaintiff, at his deposition, admitted that a number of

allegations/claims in the boilerplate Complaint had no factual basis.  See Northland

Memorandum of Law in Support of Summary Judgment, Docket Entry 15 in said case.


FURTHER YOUR AFFIANT SAITH NOT.

Jeffrey A. Olson

Subscribed and sworn to before me
this 12th day of October, 2010.

Notary Public

NANCY LUNDEEN
Notary Public
State of Minnesota
My Commission Expires
January 31, 2015

4

# U.S. Party/Case Index

## Civil Name Search Results

**12 Total Party matches for selection CHAVEZ, RUDOLPH for ARIZONA**
Search Complete
Fri Sep 10 13:56:09 2010
Selections 1 through 12 (Page 1)

⬤ Download (1 pages $ 0.00)

| | Name | Court | Case No. | Filed | NOS | Closed |
|---|---|---|---|---|---|---|
| 1 | CHAVEZ, RUDOLPH | azdce | 2:2010cv00232 | 02/01/2010 | 480 | 05/28/2010 |

Chavez v. Western New York Capital, Inc.

| | | | | | | |
|---|---|---|---|---|---|---|
| 2 | CHAVEZ, RUDOLPH | azdce | 2:2009cv00780 | 04/16/2009 | 480 | 03/01/2010 |

Chavez, et al v. DSS Financial Group, LLC

| | | | | | | |
|---|---|---|---|---|---|---|
| 3 | CHAVEZ, RUDOLPH | azdce | 2:2009cv00808 | 04/17/2009 | 480 | 08/28/2009 |

Chavez v. Collection Service Bureau, Inc.

| | | | | | | |
|---|---|---|---|---|---|---|
| 4 | CHAVEZ, RUDOLPH | azdce | 2:2009cv00810 | 04/17/2009 | 480 | 10/13/2009 |

Chavez v. Portfolio Recovery Associates, LLC

| | | | | | | |
|---|---|---|---|---|---|---|
| 5 | CHAVEZ, RUDOLPH | azdce | 2:2009cv00818 | 04/17/2009 | 480 | 08/25/2009 |

Chavez v. Account Recovery Services, Inc.

| | | | | | | |
|---|---|---|---|---|---|---|
| 6 | CHAVEZ, RUDOLPH | azdce | 2:2009cv00843 | 04/22/2009 | 480 | 02/26/2010 |

Chavez v. Enhanced Recovery Corporation

| | | | | | | |
|---|---|---|---|---|---|---|
| 7 | CHAVEZ, RUDOLPH | azdce | 2:2009cv01633 | 08/07/2009 | 480 | 03/09/2010 |

Chavez, et al v. National Attorney Collection Services, Inc.

| | | | | | | |
|---|---|---|---|---|---|---|
| 8 | CHAVEZ, RUDOLPH | azdce | 2:2009cv02367 | 11/12/2009 | 480 | 04/16/2010 |

Chavez v. Alliance Asset Management

| | | | | | | |
|---|---|---|---|---|---|---|
| 9 | CHAVEZ, RUDOLPH | azdce | 2:2009cv02417 | 11/18/2009 | 480 | 04/26/2010 |

Chavez v. BHR Enterprises

| | | | | | | |
|---|---|---|---|---|---|---|
| 10 | CHAVEZ, RUDOLPH | azdce | 2:2009cv02521 | 12/03/2009 | 480 | |

Chavez v. Northland Group, Inc.

| | | | | | | |
|---|---|---|---|---|---|---|
| 11 | CHAVEZ, RUDOLPH | azdce | 2:2009cv02627 | 12/18/2009 | 480 | 04/21/2010 |

Chavez v. Frontier Financial Group & Associates

| | | | | | | |
|---|---|---|---|---|---|---|
| 12 | CHAVEZ, RUDOLPH A | azdce | 2:2005cv00688 | 03/03/2005 | 863 | 03/20/2006 |

Chavez v. SSA

| PACER Service Center | | |
|---|---|---|
| Transaction Receipt | | |
| 09/10/2010 13:56:09 | | |
| PACER | jo0745 | Client Code: |



EXHIBIT

A

| Login: | | | |
|--------|--------|--------|--------|
| Description: | Civil srch pg 1 | Search Criteria: | CHAVEZ, RUDOLPH |
| Billable Pages: | 1 | Cost: | 0.08 |

### U.S. Party/Case Index - Home

Search: All Court Types | Appellate | Bankruptcy | Civil | Criminal
Reports: Court Code List | Date Range | Courts not on Index | Statistical Reports
User Options: Change Client Code | New Login | Billing History | PSC Home Page |
E-Mail PSC | Logout

**?** Help

# U.S. Party/Case Index

## Civil Name Search Results

**5 Total Party matches for selection CHAVEZ, LYNN for ARIZONA**
**Search Complete**
**Fri Sep 10 14:01:50 2010**
**Selections 1 through 5 (Page 1)**

⬤ Download (1 pages $ 0.00)

| Name | Court | Case No. | Filed | NOS | Closed |
|------|-------|----------|-------|-----|--------|
| 1 CHAVEZ, LYNN | azdce | 2:2009cv00780 | 04/16/2009 | 480 | 03/01/2010 |
| Chavez, et al v. DSS Financial Group, LLC | | | | | |
| 2 CHAVEZ, LYNN | azdce | 2:2009cv00827 | 04/20/2009 | 480 | 03/05/2010 |
| Chavez v. Ad Astra Recovery Services, Inc | | | | | |
| 3 CHAVEZ, LYNN | azdce | 2:2009cv01633 | 08/07/2009 | 480 | 03/09/2010 |
| Chavez, et al v. National Attorney Collection Services, Inc. | | | | | |
| 4 CHAVEZ, LYNN REED | azdce | 2:2009cv02420 | 11/18/2009 | 480 | 04/15/2010 |
| Chavez v. Absolute Resolutions Corporation | | | | | |
| 5 CHAVEZ, LYNN REED | azdce | 2:2009cv02425 | 11/19/2009 | 480 | 05/18/2010 |
| Chavez v. National Credit Adjusters | | | | | |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 09/10/2010 14:01:50 | | |
| **PACER Login:** | jo0745 | **Client Code:** |
| **Description:** | Civil srch pg 1 | **Search Criteria:** CHAVEZ, LYNN |
| **Billable Pages:** | 1 | **Cost:** 0.08 |

U.S. Party/Case Index - Home
**Search:** All Court Types | Appellate | Bankruptcy | Civil | Criminal
**Reports:** Court Code List | Date Range | Courts not on Index | Statistical Reports
**User Options:** Change Client Code | New Login | Billing History | PSC Home Page |
E-Mail PSC | Logout

? ?? Help
? • ?

WeStopDebtCollectors.com is founded by the attorneys Adam J. Krohn, Gregory H. Moss and Brian Parker to serve consumers who are being harassed or abused by fraudulent debt collectors

# WE STOP DEBT COLLECTORS

KROHN&MOSS
Attorneys for FDCPA

Toll Free: 1-800-875-3666

About Us   Free case Review   Blog        E-Mail        8AM-5PM (PST)

**Submit Details for FREE CASE REVIEW**

Home
Consumer Protection Law
How We Work
Why WSDC
Attorney Profiles
Fair Debt Collection Practices Act
About Us
Disclaimer
Terms & Conditions
Sitemap

## SE HABLA ESPANOL!


Instant analysis of your situation.
over 40,000 satisfied customers

Get FDCPA Details From our Attorney
Enter Your Email ID
yourname@domainname.com
SUBMIT

### In the News
Recession a good time to negotiate credit card
Americans $1 Trillion in Credit Card Debt
Lithuania Debt Collector Uses Witchcraft
Some Debt Collectors Seek Money You Do not Owe
More News...

## About Us

**WeStopDebtCollectors.com** is founded by the attorneys Adam J. Krohn and Gregory H. Moss to serve consumers who are being harassed or abused by fraudulent debt collectors.

WeStopDebtCollectors.com has a team of highly qualified and experienced professionals from the field of consumer law and has handled more than 30,000 consumer actions with over 98 percent of these cases being amicably resolved without the need for trial. Our team of attorneys has represented thousands of consumers who were subjected to the fraudulent, abusive or predatory business practices and organizations. The attorneys at WeStopDebtCollectors.com have arbitrated, settled and litigated countless cases which have had a profound impact on consumer protection law.

WeStopDebtCollectors follows an effective process of handling debt collection issues, which will result in the most favorable and acceptable outcome to you in the shortest possible time.

Our goal is to protect the interests of the consumers in providing **FREE legal representation** and best in class services to our clients. Our clients do not pay us any attorney fees. We pay the court costs and filing fees up front and only ask that our clients reimburse us for our hard costs incurred in prosecuting their action, but we do not require any out of pocket payment or retainer fee. The debt collectors harassing you are obliged to pay our attorney fees.

---

KROHN&MOSS
CONSUMER LAW CENTER

**Arizona**
Krohn & Moss, Ltd.
Consumer Law Center
1944 W. Thunderbird Rd.
#326 Phoenix
Arizona, AZ 85023

**California**
Krohn & Moss, Ltd.
Consumer Law Center
10474 Santa Monica Blvd.
Suite 401
Los Angeles, CA 90025

**Florida**
Krohn & Moss, Ltd.
Consumer Law Center

**Texas & Illinois**
Krohn & Moss, Ltd.
Consumer Law Center
120 West Madison
10th floor
Chicago, IL 60602

**Indiana**
Krohn & Moss, Ltd.
Consumer Law Center
251 East Ohio Street
Suite 830
Indianapolis, IN 46204

**Kansas & Missouri**
Krohn & Moss, Ltd.
Consumer Law Center
400 SW Longview Blvd.
Suite 280
Lee's Summit, MO 64081

**Ohio**
Krohn & Moss, Ltd.
Consumer Law Center
3 Summit Park Drive
Suite 140
Independence, OH 44131

Toll Free Phone Number : **1 800 US LEMON**  ( 1 800 875 3666 )

©Copyright 2009 Krohn & Moss, Ltd. All rights reserved.     XML | Site Map | Terms & Conditions | Disclaimer | Blog

Site Designed and Maintained by KENSIUM


EXHIBIT
B



Meet Brent    Prepaid processing mastermind.    VISA

ONTARIO SYSTEMS



Search

Advanced Search


AMERICAN BANKER
btn
Collections&CreditRisk

Home    My PaymentsSource    Database    Conferences    Newsletters    RSS    Feedback    Contact    **LOGIN**

Sign me up now for full access.    Subscribe    Take a free trial (including email alerts).    Register    Get help from customer service.    Inquire

**Database**
Company Profiles
Rankings

**Departments**
Credit
Debit
Processing
Emerging Payments
Merchant Acquiring
Regulation
Risk & Analytics

**Resources**
White Papers
Events & Conferences
Web Seminars
Marketplace

**Publications**
Cardline
Cards & Payments
ATM & Debit News
ISO & Agent
Mobile Banker

**Upcoming Conferences**

18th Annual ATM, Debit & Prepaid Forum
October 3-5, 2010
Arizona Biltmore, Phoenix, AZ

18th Annual Financial Services Collections & Credit Risk Conference
October 24-26, 2010
The Wynn, Las Vegas, NV

3rd Annual Cards & Payments Loyalty Conference
November 3-5, 2010
Buena Vista Palace & Resort, Orlando, FL





## FDCPA Lawsuits Reached All-Time High In 2009

Print    Email    Reprints    Feedback    Share |

Collections & Credit Risk | Thursday, January 7, 2010

By Darren Waggoner

Lawsuits citing alleged Fair Debt Collection Practices Act (FDCPA) violations reached an all-time mark in 2009 at 8,287, easily topping the record of 5,188 set a year earlier, according to data from U.S. District Court complaint dockets.

The total includes FDCPA cases either filed in or moved to U.S. District Courts, according to WebRecon LLC, a Grand Rapids, Mich.-based research firm that compiled the data. The number of FDCPA lawsuits in 2006 and 2007 totaled 3,220 and 3,813, respectively.

A review of 2009 FDCPA lawsuits by ACA International, the association representing the nation's collection agencies, revealed the same trend. There may be a number of variables contributing to the rise, according to the association, including a spike in consumer debt as a result of the economic downturn and increased advertising by consumer attorneys over the Internet with respect to pursuing FDCPA claims.

ACA International officials, however, are not convinced a spike in FDCPA-related litigation means there has been a correlating rise in actual FDCPA violations. The litigation statistics do not prove the legitimacy of the alleged claims, nor do they show how many lawsuits were dismissed, according to an official statement from ACA.

"These statistics are of concern to consumers and debt collectors alike. For this reason, ACA International members remain convinced consumers need an easy, user-friendly means to resolve their concerns and disputes," says Rozanne Andersen, ACA's chief executive officer and general counsel. "Debt collectors are in the business of resolving consumer debt issues. Those collectors who violate the law in fact are rogues and not representative of the vast majority of the 125,000 individuals serving this fine industry today."

Other consumer statute lawsuits saw negligible changes in 2009, compared with a year earlier. Fair Credit Reporting Act (FCRA) lawsuits, for example, totaled 1,174, up slightly in 2009 from 1,164 in 2008. The total remains down from a high of 1,347 reached in 2007.

The total of consumer statute lawsuits filed in 2009, which includes FDCPA, FCRA and Telephone Consumer Protection Act actions as well as cases filed citing various state statutes and laws such as the Truth-in-Lending Act and the Gramm-Leach-Bliley Act, reached 10,128. The number of unique plaintiffs named in those cases was 9,697.

The three most active consumer attorneys in 2009 were: Ryan Scott Lee, with Krohn and Moss Ltd. in Los Angeles, representing 441 individuals; Nicholas J. Bontrager, also with Krohn and Moss Ltd., representing 329 individuals; and Todd Michael Friedman, with the Law Offices of Todd M. Friedman P.C. in Beverly Hills, Calif., representing 239 individuals.

Nationally, the FTC received more than 78,000 complaints about third-party debt collectors in 2008 and announced civil judgments of more than $1 million against agencies. The 2008 complaint total, the most recent complete-year figure available, was more than twice that of 2003. No other industry generated more calls. For the first half of 2009, the FTC logged 45,050 complaints, an increase of nearly one-third from the same period in 2008.

**Related Content**

New York Debt Collector Settles Wrongful Collection Charges
New Financial Regulatory Law Will Impact Collection Industry
Debt Relief Marketers To Pay $1.5 Million In FTC Settlement
New York Collection Agency's Bribery Case Resolved
Collection Law Firm Files 80,000 Suits A Year

Advertisement



Maximize Profitability.

Minimize Total Cost of Ownership.

**Most Popular**    Viewed    Emailed

1. Schumer Blasts Issuers For Deceptive Card-Marketing Practices
2. New Bloomingdales AmEx Card: A Sign Of How Cards Will Compete?
3. Card Sector Sage Returns To Face New Challenges
4. Settlement Reached In $200 Million Payment Processing Operation
5. MasterCard's MoneySend Now For BlackBerrys
6. FICO Report Points To Growing Credit Gap
7. MasterCard's Increasing E-Commerce Presence May Challenge PayPal
8. How To Keep Customers, Stay Profitable In A New Financial World
9. U.S. Government To Pilot Tax Refund Prepaid Debit Program
10. Bankruptcy Filings Are Up In 2010

Advertisement



Roll over the armadillo to see how easy it is to reduce the cost of your PCI audits by as much as 80 percent.


First Data.


EXHIBIT
C

## Jeffrey A. Olson

**From:**   Jeffrey A. Olson [jao@biz-lit.com]
**Sent:**   Friday, December 11, 2009 3:59 PM
**To:**    rlee@consumerlawcenter.com
**Subject:** Chavez v. Northland Group, Inc.

Hi Ryan:

I a represent Northland Group, Inc. and have become aware that you have recently filed a Complaint in an action captioned <u>Chavez v. Northland Group, Inc.</u>, USDC, Arizona, 2:09-cv-02521. If you want to send a waiver of service, I will review and seek my client's permission to execute such a document. In the meanwhile, please provide me additional information relating to your claim so that I can begin an investigation into the circumstances of your Complaint. At a minimum, it would be helpful to have the following information:

Northland Account No. or type of account, creditor and account number at issue

Dates on which the collection calls took place, including date commenced and when they stopped

Were there telephone to numbers other than 623.486.5194?

Frequency of calls and log of calls if you have

Were voicemails left

Did Mr. Chavez talk with anyone at Northland

What evidence do you have of the calls being made…recordings, caller id info, etc.

Once I have this information, I will look into this matter and seek prompt resolution as appropriate. Also, please provide your settlement demand so that we may consider that as we proceed with our review. Thank you Ryan.

**Jeffrey A. Olson**

JEFFREY A. OLSON, PLLC
7831 Glenroy Road
Suite 185
Edina, Minnesota 55439
952.835.4709
952.835.4710 fax



EXHIBIT

D

Electronic Privacy Notice. This email, and any attachments, contains information that is, or may be, covered by the Electronic Communications Privacy Act, 18 U.S.C. 2510-2521, and is also confidential and proprietary in nature. If you are not the intended recipient, please be advised that you are legally prohibited from retaining, using, copying, distributing, or otherwise disclosing this information in any manner. Instead, please reply to the sender that you have received this communication in error, and then immediately delete it and immediately notify us by email at faxes@biz-lit.com. Thank you in advance for your cooperation.

10/4/2010

**Jeffrey A. Olson**

**From:**    Jeffrey A. Olson [jao@biz-lit.com]
**Sent:**    Tuesday, December 15, 2009 1:15 PM
**To:**    rlee@consumerlawcenter.com
**Subject:** FW: Chavez v. Northland Group, Inc.

Hi Ryan:

Just following up on my email to you from last Friday.  I wanted to make sure I have the correct email address for you.  Please advise.

I'm sure most of the information is already in your file......and the quicker I can get this info, the quicker we can work on resolving this matter.  I appreciate your assistance.

jeff

**Jeffrey A. Olson**

**From:** Jeffrey A. Olson [mailto:jao@biz-lit.com]
**Sent:** Friday, December 11, 2009 3:59 PM
**To:** 'rlee@consumerlawcenter.com'
**Subject:** Chavez v. Northland Group, Inc.

Hi Ryan:

I a represent Northland Group, Inc. and have become aware that you have recently filed a Complaint in an action captioned Chavez v. Northland Group, Inc., USDC, Arizona, 2:09-cv-02521.  If you want to send a waiver of service, I will review and seek my client's permission to execute such a document.  In the meanwhile, please provide me additional information relating to your claim so that I can begin an investigation into the circumstances of your Complaint.  At a minimum, it would be helpful to have the following information:

Northland Account No. or type of account, creditor and account number at issue

Dates on which the collection calls took place, including date commenced and when they stopped

Were there telephone to numbers other than 623.486.5194?

Frequency of calls and log of calls if you have

Were voicemails left



EXHIBIT

E

10/4/2010

Did Mr. Chavez talk with anyone at Northland

What evidence do you have of the calls being made…recordings, caller id info, etc.


Once I have this information, I will look into this matter and seek prompt resolution as appropriate. Also, please provide your settlement demand so that we may consider that as we proceed with our review.  Thank you Ryan.



**Jeffrey A. Olson**

JEFFREY A. OLSON, PLLC
7831 Glenroy Road
Suite 185
Edina, Minnesota  55439
952.835.4709
952.835.4710 fax


Electronic Privacy Notice.  This email, and any attachments, contains information that is, or may be, covered by the Electronic Communications Privacy Act, 18 U.S.C. 2510-2521, and is also confidential and proprietary in nature.  If you are not the intended recipient, please be advised that you are legally prohibited from retaining, using, copying, distributing, or otherwise disclosing this information in any manner.  Instead, please reply to the sender that you have received this communication in error, and then immediately delete it and immediately notify us by email at faxes@biz-lit.com.  Thank you in advance for your cooperation.

10/4/2010

Ryan Lee, Esq. (SBN 024846)
Krohn & Moss, Ltd.
10474 Santa Monica Blvd., Suite401
Los Angeles, CA 90025
T: (323) 988-2400; F: (866) 802-0021
rlee@consumerlawcenter.com

Attorneys for Plaintiff, RUDOLPH CHAVEZ

## UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| RUDOLPH CHAVEZ, | Case No.: 2:09-cv-02521-LOA |
| Plaintiff, | |
| vs. | **PLAINTIFF'S RULE 33** |
| | **INTERROGATORIES TO DEFENDANT** |
| NORTHLAND GROUP, INC. | |
| Defendant. | |

Plaintiffs, RUDOLPH CHAVEZ, through KROHN & MOSS, LTD., and pursuant to Federal Rule of Civil Procedure 33, propounds the following Interrogatories to Defendant, NORTHLAND GROUP, INC.  Plaintiffs request that Defendant's response be signed under oath, unless it is objected to, in which event the reasons for such objection must be stated in lieu of an answer, and shall be served and produced on Plaintiffs' counsel no later than thirty (30) days after service, at Krohn & Moss, Ltd., 10474 Santa Monica Blvd, Suite 401, Los Angeles, CA 90025.

## DEFINITIONS

1. Whenever Defendant is asked to "identify" a person or persons, it is contemplated that Defendant will provide the person's name, current address, last known address (if no current address is known), phone number, job title or position held with Defendant or his/her company, whether the person is presently employed by Defendant, and if not, whether Defendant or any of his/her employees or agents knows of the person's whereabouts.
2. The word "document(s)" means every writing and record of every type and description, including but not limited to, papers, photographs, films, recordings, correspondence,

- 1 -

EXHIBIT
F

communications, memoranda and written notes, checks, check registers, books and accounting, computer cards, printouts and all retrievable information in computer storage, tapes, discs, and records of all types, minutes of meetings, studies, books, pamphlets, pictures and voice recordings or every other device or medium on which or through which information of any type is to be transmitted, recorded or preserved.  The term "document(s)" also means a copy where the original is not in your possession, custody or control, and every copy of the document if such copy is not an identical duplicate of the original.

3.  "Person" means natural persons, corporations, partnerships, associations, agents, servants, employees, representatives, or any type of entity.

4.  Each request to describe or identify a document shall be deemed to include a request for information sufficient to enable Defendant to obtain the document with a subpoena, including but not limited to the date of the document, a physical description of the document, a brief description of the content of the document, the identity of the custodian of the document, the location of the document, and any title given to the document.  If an interrogatory calls for a description of a document, you may, if you prefer, instead of identifying it, attach to your answer a clear copy, front and reverse of the document.

5.  An election to produce business records in lieu of answering these interrogatories is not satisfactory if the interrogatory requests information that is coded, illegible, or incomprehensible on the requested documents.

6.  "Oral statement" means and includes any face to face communication, conversation, meeting, conference, or any such communication by telephone, radio, or other means of verbal communication.

7.  In each case in which you are asked to identify an oral statement or where your answer to the interrogatory refers to the identity of an oral statement, this is a request to give the identity of the person who made the statement and the person hearing the statement, and the date, time, and place of its occurrence, and to briefly describe the content of the statement.

8.  "State in full detail" means to set out in the fullest detail possible all knowledge or information available to you on the subject.

9.  "You" and "your" in these interrogatories refers to defendant as identified in the complaint or in the caption to these interrogatories and, when appropriate, persons acting at the direction of or on behalf of defendant.  "Collection Agency" refers to the collection of the debt in question, including its agents and employees.  "The Consumer" refers to Plaintiff as identified in the Complaint.  "Plaintiff" refers to Plaintiff(s) identified in the caption of the complaint.

10. Unless otherwise indicated, "the debt" refers to the disputed debt owed by Plaintiff as identified in the Complaint.

- 2 -

## INTERROGATORIES

1. State the full name of the person answering these interrogatories, his/her current business address, his/her current job and title, his/her current boss, and years working at his/her current job.

   **ANSWER:**

2. State the name, alias, job title, business address, and telephone numbers, date of initial employment, and date and reason for termination of employment of each of your employees who communicated or attempted to communicate with Plaintiffs or any person regarding the debt subject to this lawsuit.

   **ANSWER:**

3. Following the occurrence(s) alleged in Plaintiffs' Complaint, did Defendant conduct an investigation? If so, state the name and address of each person who participated in the investigation?

   **ANSWER:**

4. What type of computer system and program does Defendant use to record mail, telephone calls, or other forms of communications, or attempted communications, with persons or third parties in connection with the collection of debts.

   **ANSWER:**

5. Did Defendant electronically record, tape, or preserve telephone calls made to Plaintiffs, or third parties, or voicemail messages left for Plaintiffs or third parties regarding Plaintiffs' alleged debt?
   a. If so, how many calls were recorded and who is in possession of the recordings.

   **ANSWER:**

6. Identify the full legal name, complete address, and telephone number of the original creditor to whom the debt is owed and that Defendant is trying to collect on.

   **ANSWER:**

7. Identify and describe each communication, or attempted communication, between Defendant and Plaintiffs, or any third person, which was made in connection with the collection of the alleged debt Defendant is contacting Plaintiffs about, by stating the following:
   a. The name and alias of the individual initiating the communication;

- 3 -

PLAINTIFFS' DISCOVERY REQUESTS TO DEFENDANT

    b.   The name of the person and/or description of the person to whom the communication was directed;

    c.   The date and time of the communication;

    d.   The method of the communication (e.g. letter, phone call, e-mail, text message, in-person, etc.);

    e.   A detailed description of the substance of the communication, (do not simply refer to collection notes);

    f.   Identification of all witnesses to or participants in the communication; and,

    g.   Any actions taken by any Defendant as a result of the communication.

**ANSWER:**

8.   Identify the business name, address, and telephone number of all telephone companies that provided local or long distance telephone services of any kind to Defendant's business.

**ANSWER:**

9.   Identify every single telephone number used by Defendant in the past two years in the course of its business.

**ANSWER:**

10. List and explain all abbreviations, codes, letters, numerals, or symbols used by Defendant in its records and/or collection notes.

**ANSWER:**

11. When did Defendant open Plaintiffs' account?

 **ANSWER:**

12. How many days, weeks, or months did Defendant call Plaintiffs in an attempt to collect Plaintiffs' alleged debt?

**ANSWER:**

13. How many total telephone calls did Defendant make to Plaintiffs in an attempt to collect Plaintiffs' alleged debt?

**ANSWER:**

14. What is the most amount of telephone calls Defendant made to Plaintiffs in 24 hours?

**ANSWER:**

- 4 -

15. What telephone numbers did Defendant call in an attempt to collect Plaintiffs' alleged debt?

   **ANSWER:**

16. When did Defendant receive notice that Krohn & Moss, Ltd., represents Plaintiffs?

   **ANSWER:**

17. Identify any statements, information, and/or documents known to you and requested by any of the foregoing interrogatories, which you claim to be work product or subject to any common law or statutory privilege, and with respect to each interrogatory, specify the legal basis for the claim.

   **ANSWER:**

DATED: March 2, 2010                    KROHN & MOSS, LTD.


                              By:  /s/ Ryan Lee

                                 Ryan Lee
                                 Attorney for Plaintiff

Ryan Lee, Esq. (SBN 024846)
Krohn & Moss, Ltd.
10474 Santa Monica Blvd., Suite401
Los Angeles, CA 90025
T: (323) 988-2400; F: (866) 802-0021
rlee@consumerlawcenter.com

Attorneys for Plaintiff, RUDOLPH CHAVEZ

## UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| RUDOLPH CHAVEZ, | ) Case No.: 2:09-cv-02521-LOA |
| Plaintiff, | ) |
| vs. | ) **PLAINTIFF'S RULE 34 REQUESTS FOR** |
| | ) **PRODUCTION OF DOCUMENTS TO** |
| NORTHLAND GROUP, INC. | ) **DEFENDANT** |
| Defendant. | ) |

Plaintiffs, RUDOLPH CHAVEZ, through KROHN & MOSS, LTD., and pursuant to Federal

Rule of Civil Procedure 34, propound the following Requests for Production of Documents to

Defendant, NORTHLAND GROUP, INC., and requests that Defendant respond in writing to

Plaintiffs and produce each and every item which is either specifically described or reasonably

particularized in a category listed below and which are within its possession, custody, or control.

Plaintiffs request that Defendant's response to this request shall be signed under oath and shall

be served and produced on it no later than thirty (30) days after service, at Krohn & Moss, Ltd.,

10474 Santa Monica Blvd, Suite 401, Los Angeles, CA  90025.

### DEFINITIONS

1.  The term "document" includes, by way of illustration only and not by way of limitation,
    the following, whether printed or reproduced by any process, or written and/or produced
    by hand: correspondence, reports, memoranda, communications, notes, e-mails, data, faxes,
    records, forms, diagrams, sketches, models, slides, charts, drawings, findings, complaints,
    surveys, literature, brochures, calendars, marketing materials, policies, procedures, writings,
    drawings, graphs, charts, photographs, and phone records, ledgers; notes; correspondence;
    communications of any nature; telegrams; memoranda; notebooks of any character;

- 6 -

**EXHIBIT**

G

tabbies®

summaries or records of personal conversations; diaries; reports; publications; photographs; microfilm, microfiche, and similar media; minutes or records of meetings; transcripts of oral testimony or statements; reports and/or summaries of interviews; reports and/or summaries of investigations; court papers; brochures; pamphlets; press releases; drafts of, or revisions of drafts of, or translations of, any document; tape recordings; dictation belts; invoices; bills; accounting records; telephone toll records; and disks, tapes, and other magnetic or electronic information storage media. Any document or reproduction of a document bearing on any sheet or side thereof any marks, including by way of illustration only and not by way of limitation initials, stamped indicia, any comment or any notation of any character and not a part of the original text, is to be considered a separate document. Documents include originals, hard copies. and any and all documents stored on hard drives on desktop computers, laptop computers, notebook computers, personal digital assistant computers, servers, and other electronic media related to this action and other data.

2. References to "you" or any named entity or individual include agents, employees, and attorneys of that person, whether or not acting within the scope of their authority, all other persons acting on behalf of the person referred to, and in the case of an entity, its merged or acquired predecessors.

3. "Person" includes any individual, corporation, partnership, joint venture, firm, association, proprietorship, governmental agency, board, authority, or commission, or other entity.

4. "Identify" or "identification," when used with respect to a person, means to state the name, last known address, telephone number, and if a corporation or other entity, the principal place of business of the person.

5. "Identify" or "identification," when used with respect to a document, means to state the general nature of the document (i.e., letter, memorandum, etc.); the name of the author or originator; each addressee; all individuals designated on the document to receive a copy or otherwise known to have received a copy; the date, title, and general subject matter of the document; the present custodian of each copy and the last known address of each such custodian; and the date the document was made.

6. "Communication" includes every manner or means of disclosure, transfer, or exchange of information, and every disclosure, transfer or exchange of information, whether orally or by document or whether face-to-face, by telephone, mail, personal delivery, or otherwise.

7. "Identify" or "identification," when used with respect to a communication, means to state the date of the communication; the type of communication (i.e., telephone conversation, meeting, etc.); the place where the communication took place; the identification of identification of the person who made the communication; the identification of each person who received the communication and of each person present when it was made; and the subject matter discussed.

8. "Relates" includes constitutes, describes, discusses, reflects, refers to, and logically pertains to.

## INSTRUCTIONS

1. All documents within your possession, custody, or control or that of your agents, employees, and attorneys shall be produced. Without limitation of the term "control" as used in the preceding sentence, a document is deemed to be in your control if you have

- 7 -

the right to secure the document or a copy from another person having actual possession.

2. To the extent any paragraph is objected to, please set forth all reasons for your objection.

3. If you prefer, you may provide legible copies of document that reflect all markings, notations, and highlighting on the originals.

4. Documents to be produced shall be either (1) organized as they are kept in the usual course of business or (2) organized and labeled to correspond with the paragraphs of the request for production.

5. The singular includes the plural number, and vice versa.  The masculine includes the feminine and neuter genders.  The past tense includes the present tense where the clear meaning is not distorted by change of tense.

6. To the extent that any document cannot be furnished, such documents as are available shall be supplied, together with a description of the documents not furnished and the reason for not furnishing them.

7. "And" and "or" shall be interpreted to mean "and/or," so that said terms are given their broadest possible meaning.

8. FDCPA means Fair Debt Collection Practices Act, 15 U.S.C. §§1692 et seq.

9. Unless otherwise specified in a particular paragraph, provide the information and documents from 2005 until the present.

10. If you are declining to produce any document or respond to any paragraph in whole or in part because of a claim of privilege, please:

    a. Identify the subject matter, type (e.g., letter, memorandum), date, and author of the privileged communication or information, all persons that prepared or sent it, and all recipients or addressees;

    b. Identify each person to whom the contents of each such communication or item of information have heretofore been disclosed, orally or in writing;

    c. State what privilege is claimed; and

    d. State the basis upon which the privilege is claimed.

11. If any document requested was, but no longer is, in your possession or subject to your control, please state:

12. The date of its disposition;

13. The manner of its disposition (e.g., lost, destroyed, transferred to a third party); and

14. An explanation of the circumstances surrounding the disposition of the document.

## PRODUCTION REQUESTS

According to the above definitions and instructions, Plaintiffs request that Defendant produce the following:

1. All account notes, telephone records, telephone notes, and collection notes relating to Defendant's attempt to collect Plaintiffs' alleged debt.

**RESPONSE:**

2. All letters, bills, debt notices, collection notices, e-mails, faxes, and written communications Defendant sent to Plaintiffs.

**RESPONSE:**

- 8 -

PLAINTIFFS' DISCOVERY REQUESTS TO DEFENDANT

3.  All documents relating to Plaintiffs' alleged debt that Defendant attempted to collect.

    **RESPONSE:**

4.  All training materials, including videotapes, audiotapes, CDs, and DVDs pertaining to training by or for the Defendant and its employees regarding the Fair Debt Collection Practices Act and/or Rosenthal Fair Debt Collection Practices Act.

    **RESPONSE:**

5.  An organizational chart of Defendant's company.

    **RESPONSE:**

6.  All financial reports and statements to investors of the Defendant for the past two years.

    **RESPONSE:**

7.  All income tax returns of the Defendant for the past two years.

    **RESPONSE:**

8.  All documents Defendant sent to or received from the original creditor regarding Plaintiffs' alleged debt.

    **RESPONSE:**

9.  All documents sent to or received from any other collection agency regarding Plaintiffs' alleged debt.

    **RESPONSE:**

10. All documents relating to procedures used by Defendant to avoid any violations of the Fair Debt Collection Practices Act and/or Rosenthal Fair Debt Collection Practices Act.

    **RESPONSE:**

11. All documents relating to Defendant's procedures to provide verification of Plaintiffs' alleged debt.

    **RESPONSE:**

12. All postcards and/or envelopes Defendant used in its collection of Plaintiffs' alleged debt.

    **RESPONSE:**

13. All documents evidencing any communication or attempted communication with

- 9 -

Plaintiffs.

**RESPONSE:**

14. All documents reflecting communications between Defendant and any third party relating Plaintiffs' alleged debt.

**RESPONSE:**

15. All documents setting forth policies and procedures to be used by Defendant's employees with respect to collecting debts.

**RESPONSE:**

16. All documents relating to the policies, procedures, and practices of Defendant in ensuring compliance with Fair Debt Collection Practices Act.

**RESPONSE:**

17. All documents referred to or relied upon in answering Plaintiffs' Interrogatories and Requests for Admission.

**RESPONSE:**

18. All oral or written statements made by any person (including, but not limited to, employees, agents, supervisors, managers, etc.) regarding the allegations contained in Plaintiffs' complaint?

**RESPONSE:**

18. Any and all audio recordings including, but not limited to, phone call recordings, digital voice recordings, and computer-based voicemail files related to Plaintiffs.

**RESPONSE:**

19. A privilege log regarding any responsive documents that Defendant claims are privileged.

**RESPONSE:**

- 10 -

DATED:  March 2, 2010                    KROHN & MOSS, LTD.


                              By:    /s/ Ryan Lee

                                    Ryan Lee
                                    Attorney for Plaintiffs

- 11 -

Ryan Lee, Esq. (SBN 024846)
Krohn & Moss, Ltd.
10474 Santa Monica Blvd., Suite401
Los Angeles, CA 90025
T: (323) 988-2400; F: (866) 802-0021
rlee@consumerlawcenter.com

Attorneys for Plaintiff, RUDOLPH CHAVEZ

### UNITED STATES DISTRICT COURT
### DISTRICT OF ARIZONA

RUDOLPH CHAVEZ,                          )   Case No.: **2:09-cv-02521-LOA**
                                         )
                    Plaintiff,           )
                                         )
        vs.                              )   **PLAINTIFF'S RULE 36 REQUESTS FOR**
                                         )   **ADMISSION TO DEFENDANT**
NORTHLAND GROUP, INC.                    )
                                         )
                    Defendant.           )
_____)

Plaintiff, RUDOLPH CHAVEZ, through KROHN & MOSS, LTD., and pursuant to

Federal Rule of Civil Procedure 36, requests that Defendant, NORTHLAND GROUP, INC.,

make the below admissions for the purpose of this action only.  Plaintiff requests that

Defendant's admissions to these requests shall be signed under oath and shall be served and

produced on it no later than thirty (30) days after service of this request, at Krohn & Moss, Ltd.,

10474 Santa Monica Blvd, Suite 401, Los Angeles, CA  90025.

1.  Admit Plaintiff is a "consumer" as defined by 15 USC §1692a(3).

    **RESPONSE:**

2.  Admit Defendant is a "debt collector" as defined by 15 USC §1692a(6).

    **RESPONSE:**

3.  Admit Plaintiff owed a "debt" as defined by 15 USC §1692a(5).

    **RESPONSE:**

4.  Admit Plaintiff owes the debt Defendant is attempting to collect.
    **RESPONSE:**

- 12 -

PLAINTIFFS' DISCOVERY REQUESTS TO DEFENDANT

EXHIBIT

tabbies

H

5. Admit Defendant's primary business is to collect debts incurred from personal, family, or household purposes.
   **RESPONSE:**

6. Admit Defendant "communicated" with Plaintiff as defined by 15 USC §1692a(2).

   **RESPONSE:**

7. Admit Defendant called Plaintiff on Plaintiff's cell phone at (623) 486-5194.

   **RESPONSE:**

8. Admit Defendant called Plaintiff on Plaintiff's home phone.

   **RESPONSE:**

9. Admit Defendant called Plaintiff at Plaintiff's work.

   **RESPONSE:**

10. Admit Defendant called Plaintiff more than one time in 24 hours.

    **RESPONSE:**

11. Admit Defendant called Plaintiff more than three times in 24 hours.

    **RESPONSE:**

12. Admit Defendant called Plaintiff more than five times in 24 hours.

    **RESPONSE:**

13. Admit Defendant called Plaintiff more than seven times in 24 hours.

    **RESPONSE:**

14. Admit Defendant called Plaintiff more than 10 times in 24 hours.

    **RESPONSE:**

15. Admit Defendant called Plaintiff before 8:00 a.m.

    **RESPONSE:**

16. Admit Defendant called Plaintiff or after 9:00 p.m.

    **RESPONSE:**

- 13 -

17. Admit Defendant called Plaintiff from a phone number that comes up "unknown" on caller ID.

**RESPONSE:**

18. Admit Defendant called Plaintiff from a phone number that comes up "private" on caller ID.

**RESPONSE:**

19. Admit Defendant called Plaintiff from a phone number that comes up "out of area" on caller ID.

**RESPONSE:**

20. Admit Defendant identified itself as a debt collector in all telephone communications.

**RESPONSE:**

21. Admit Defendant called Plaintiff and hung up without leaving a message.

**RESPONSE:**

22. Admit Defendant sent Plaintiff a debt notice letter (15 U.S.C. § 1692g) within five days of the initial communication.

**RESPONSE:**

23. Admit Defendant communicated with third parties in connection with attempting to collect a debt from Plaintiff.

**RESPONSE:**

24. Admit Defendant communicated with third parties more than one time in connection with acquiring Plaintiff's located information.

**RESPONSE:**

25. Admit Defendant communicated with Plaintiff at Plaintiff's place of employment.

**RESPONSE:**

26. Admit Defendant communicated with Plaintiff's family member(s).

**RESPONSE:**

27. Admit Defendant threaten to file a lawsuit against Plaintiff.

**RESPONSE:**

- 14 -

28. Admit Defendant threaten to put a lien on Plaintiff's property.

**RESPONSE:**

29. Admit Defendant threatened to garnish Plaintiff's wages.

**RESPONSE:**

30. Admit all telephone calls Defendant made in an attempt to collect Plaintiff's alleged debt are logged in Defendant's account notes.

**RESPONSE:**

31. Admit Defendant recorded telephone conversations with Plaintiff in an attempt to collect Plaintiff's alleged debt.

**RESPONSE:**

32. Admit Defendant recorded telephone conversations with third parties in an attempt to collect Plaintiff's alleged debt.

**RESPONSE:**

33. Admit every single communication from Defendant to Plaintiff disclosed that the communication was from a debt collector.

**RESPONSE:**

34. Admit Defendant failed to properly identify the nature of the call.

**RESPONSE:**

DATED:  March 2, 2010                          KROHN & MOSS, LTD.


By:   /s/ Ryan Lee

                    Ryan Lee
                    Attorney for Plaintiff



**PROOF OF SERVICE**

I, Karen So, state the following:

I am employed in Los Angeles, California; I am over the age of 18 and am not a party to this action; my business address is 10474 Santa Monica Blvd., Suite 401, Los Angeles, CA 90025.  On March 2, 2010, I served the following documents:

- 15 -

PLAINTIFFS' DISCOVERY REQUESTS TO DEFENDANT

**(1) Interrogatories to Defendant, (2) Request for Production of Documents, and (3) Request for Admission**

On the parties listed below:

Jeffrey A. Olson
Attorney for Defendant
JEFFREY A. OLSON, PLLC
7831 Glenroy Rd, Suite 185
Edina, Minnesota  55439

By the following means of service:

[ ]      **BY ELECTRONIC MAIL:** I transmitted the document(s) listed above electronically to the e-mail addresses listed above.  I am readily familiar with the firm's Microsoft Outlook e-mail system, and the transmission was reported as complete, without error.

[ X ]    **BY MAIL** (1013 a, 2015.5 CCP): I deposited such envelope in the mail at Los Angeles, California.  The envelope was mailed with postage thereon fully prepaid.  I am readily familiar with the firm's practice for collection and processing correspondence for mailing.  Under that practice, this document will be deposited with the U.S. Postal Service on this date with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[X]      **STATE:** I declare under penalty of perjury under the laws of California that the above is true and correct.

Executed on March 2, 2010, at Los Angeles, California.

By: _____
                    Karen So

1   Donald Peder Johnsen (011545)
2   dpj@gknet.com
    GALLAGHER & KENNEDY, P.A.
3   2575 East Camelback Road
    Phoenix, Arizona 85016-9225
4   (602) 530-8000
5   Attorneys for defendant

6

7                    IN THE UNITED STATES DISTRICT COURT

8                     FOR THE DISTRICT OF ARIZONA

9
    Rudolph Chavez,                         )   No. 2:09-CV-02521-LOA
10                                          )
11              Plaintiff,                   )   **STIPULATION TO JOINDER OF**
                                            )   **SPOUSE**
12   v.                                      )
                                            )
13                                          )
    Northland Group, Inc.,                  )
14                                          )
15              Defendant.                   )
16   _____)

17          The parties herein, by and through their respective undersigned counsel,

18   and pursuant to Fed. R. Civ. P. 19, stipulate that Lynn Reed-Chavez, the spouse of

19   plaintiff Rudolph Chavez, may be joined in this action as a party plaintiff.

20                    DATED this 15th day of March, 2010.

21                        KROHN & MOSS, LTD.

22                        By:/s/ Ryan Lee (with permission)

23                        Attorneys for plaintiff

24                    DATED this 15th day of March, 2010.

25                        GALLAGHER & KENNEDY, P.A.

26                        By: /s/ Donald Peder Johnsen

27                        Attorneys for defendant

28

                                    -1-

EXHIBIT
I

1  I certify that on this 15th day of March, 2010, I electronically transmitted a PDF version
   of this document to the Clerk of Court, using the CM/ECF System, for filing and for
2  transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

3  Ryan Lee (024846)
   Attorney for plaintiff
4
   /s/ Donald Peder Johnsen
5  2389250

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Ryan Lee, Esq. (SBN 235879)
Krohn & Moss, Ltd.
10474 Santa Monica Blvd. 4th Floor
Los Angeles, CA 90025
Telephone : (323) 988-2400
Facsimile : (866) 802-0021
rlee@consumerlawcenter.com

Attorneys for Plaintiff, RUDOLPH CHAVEZ

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| RUDOLPH CHAVEZ, | ) Case No.:CV09-02521-PHX-LOA |
| Plaintiff, | ) |
| | ) **DECLARATION OF RYAN LEE IN** |
| vs. | ) **SUPPORT OF NOTICE AND MOTION** |
| | ) **FOR LEAVE TO WITHDRAW OF** |
| NORTHLAND GROUP, | ) **KROHN & MOSS, LTD.** |
| | ) |
| Defendant. | ) |
| | ) |

I, Ryan Lee, declare and state as follows:

1.    Irreconcilable differences have developed between Counsel and Plaintiff, which differences make it impossible for Counsel to effectively represent Plaintiff in this action.

2.    Trial in this matter is not yet set and there remains adequate time for the parties to conduct discovery.

3.    Plaintiff's Counsel submits that ample time remains for Plaintiff to engage his another attorney without prejudice to Plaintiff.

4.    Plaintiff's Counsel has provided prior notice to Plaintiff of the present motion. Plaintiff consents to Plaintiff's withdrawal.  Defendant will receive notice through

DECLARATION OF RYAN LEE IN SUPPORT OF MOTION TO WITHDRAW

**EXHIBIT**

J

contemporaneous service of this Motion.  Defense counsel was advised prior to the filing of this Motion that Plaintiff's counsel intended to withdraw from this matter.

     5.    Papers may continue to be served on KROHN & MOSS, LTD. until substitute counsel file their Notice of Appearance or Plaintiff files a Notice to Appear *Pro Se*.  KROHN & MOSS will forward all such papers to Plaintiff until such time as Notice(s) of Appearance are filed on behalf of Plaintiff.

     I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  This declaration was executed on March 29, 2010 at Los Angeles, California.


/s/ Ryan Lee

Ryan Lee

- 2 -

DECLARATION OF RYAN LEE IN SUPPORT OF MOTION TO WITHDRAW

Ryan Lee, Esq. (SBN 235879)
Krohn & Moss, Ltd.
10474 Santa Monica Blvd. 4th Floor
Los Angeles, CA 90025
Telephone : (323) 988-2400
Facsimile : (866) 802-0021
rlee@consumerlawcenter.com

Attorneys for Plaintiff, RUDOLPH CHAVEZ

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| RUDOLPH CHAVEZ, | ) Case No.:CV09-02521-PHX-LOA |
| | ) |
| Plaintiff, | ) **[PROPOSED] ORDER GRANTING** |
| | ) **MOTION FOR WITHDRAWAL** |
| vs. | ) |
| | ) |
| NORTHLAND GROUP, | ) |
| | ) |
| Defendant. | ) |
| | ) |

GOOD CAUSE HAVING BEEN SHOWN, it is ordered that KROHN & MOSS,

LTD.'s Motion to Withdraw as counsel for Plaintiff is hereby granted.

**IT IS SO ORDERED.**

Dated:_____

_____
The Honorable Judge
United States District Judge

- 1 -

1

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                         FOR THE DISTRICT OF ARIZONA

8

9   Rudolph Chavez and Lynn Reed-Chavez,)      No. CV-09-2521-PHX-LOA
    husband and wife,                   )
10                                       )      **ORDER**
                    Plaintiffs,          )
11                                       )
    vs.                                  )
12                                       )
13  Northland Group, Inc.,               )
                                         )
14                  Defendant.           )
                                         )
15  _____ )

16          Plaintiffs' counsel's Motion for Leave to Withdraw, docket # 30, failing to

17  comply with LRCiv 83.3(b) and LRCiv 7.1(a)(3),

18          **IT IS ORDERED** that Plaintiffs' counsel's Motion for Leave to Withdraw,

19  docket # 30, is **DENIED** without prejudice.

20          DATED this 30th day of March, 2010.

21

22

23                         Lawrence O. Anderson
                           United States Magistrate Judge

24

25

26

27

28

**EXHIBIT**

K

1  Ryan Lee, Esq. (SBN 024846)
   Krohn & Moss, Ltd.
2  10474 Santa Monica Blvd., Suite401
   Los Angeles, CA  90025
3  T: (323) 988-2400; F: (866) 802-0021
   rlee@consumerlawcenter.com
4
   Attorney for Plaintiff, RUDOLPH CHAVEZ
5

6

7

8                IN THE UNITED STATES DISTRICT COURT

9                      DISTRICT OF ARIZONA

10

11 RUDOLPH CHAVEZ,              )   Case No.: 2:09-CV-02521-COA
                                )
12          Plaintiff,          )
                                )   PLAINTIFF'S RULE 26(a)
13                              )   DISCLOSURES
       vs.                      )
14                              )
                                )
15 NORTHLAND GROUP,             )
                                )
16          Defendant.          )
                                )
17 ────────────────────────────────

                    PLAINTIFF'S RULE 26(A) INITIAL DISCLOSURES
18
       RUDOLPH CHAVEZ, Plaintiff, through his attorneys, KROHN & MOSS, LTD., in
19
   compliance with Federal Rule of Civil Procedure 26(a)(1), states as follows:
20
   FRCP 26(a)(1)(A)(i) Names and Addresses of Individuals with Discoverable Information:
21
   the individuals listed below are likely to have discoverable information that the disclosing party
22
   may use to support its claims or defenses unless solely for impeachment.   The subjects of
23
   information are not all inclusive and each individual may have knowledge of subjects other than
24
   those listed below:
25

                                    - 1 -

                    PLAINTIFF'S RULE 26(a) DISCLOSURES

EXHIBIT
   L

1.  **Plaintiff, Rudolph Chavez, can be reached through counsel, Krohn & Moss, Ltd., 10474 Santa Monica Blvd., Suite 401, Los Angeles, CA 90025.**  Plaintiff will testify about the facts alleged in his Complaint, including, but not limited to: the exhibits attached to his Complaint; communications (oral and written) with Defendant; the damages Plaintiff suffered; and the damages form attached to Plaintiff's Complaint.

2.  **Defendant's agents, servants, collectors, managers, supervisors, etc. (employees).**  Plaintiff does not yet know the identity of Defendant's employees that were involved with the facts alleged in Plaintiff's Complaint.  Once Defendant's employees are identified, Plaintiff anticipates Defendant's employees will testify about the following: their knowledge of the facts, circumstances, and allegations contained in Plaintiff's Complaint; the qualifications, duties, supervision, and training of individuals, including themselves, involved in the facts surrounding Plaintiff's Complaint; their training and knowledge of the Fair Debt Collection Practices Act; Defendant's policies, procedures, and practices regarding collection activities; documents relating to the facts alleged in Plaintiff's Complaint; and Plaintiff's account notes.

3.  **All other persons disclosed by Defendant.**  Other parties not yet known, but to be discovered and disclosed later by Plaintiff.  Any other witnesses identified by any party.

**FRCP 26(a)(1)(A)(ii) Documents used to support claims or defenses:** the following are documents and other tangible things that Plaintiff has in its possession, custody, or control that may be used to support Plaintiff's claims or defenses, unless the use would be solely for impeachment.

1.  All documents attached to Plaintiff's Complaint as exhibits.

2.  All documents in Defendant's possession, custody, or control regarding the facts alleged

- 2 -

in Plaintiff's Complaint.

3. Copies of all Better Business Bureau Complaints; Federal Trade Commission Complaints; lawsuits; demand letters; or any other document evidencing or alleging liability on Defendant's part or its employees for violations of the FDCPA or any other state collection law formal or informal, for a period from three years prior to the filing of this lawsuit through today, by any person, agency, or entity.

**FRCP 26(a)(1)(A)(iii) Damages:** Plaintiff's computation of each category of damages is as follows:

1. Pursuant to 15 U.S.C. §1692k(a)(1), actual damages in an amount that will fully and fairly compensate Plaintiff,

2. Pursuant to 15 U.S.C. § 1692k(a)(2)(A), statutory damages of $1,000.00,

3. Pursuant to 15 U.S.C. § 1692k(a)(3), litigation costs and reasonable attorneys' fees, and

4. Any other relief this Honorable Court may deem appropriate.

*Plaintiff provides these disclosures pursuant to Rule 26(a)(1)(A)(i-iii) with the information reasonably available at this time, however, Plaintiff reserves the right to amend his initial disclosures as additional information becomes available during the course of the discovery process. In accordance with Rule 26(e), Plaintiff will supplement these disclosures as additional information becomes available.*

By:_____/s/ Ryan Lee_____

Ryan Lee

- 3 -

**PROOF OF SERVICE**

I, G. Thomas Martin, III, state the following:

I am employed in Los Angeles, California; I am over the age of 18 and am not a party to this action; my business address is 10474 Santa Monica Blvd., Suite 401, Los Angeles, CA 90025.  On March 15, 2010, I served the following documents:

**Plaintiff's FRCP 26(a) Disclosures**

On the parties listed below:

Donald Peder Johnsen, Esq.
GALLAGHER & KENNEDY, P.A.
2575 East Camelback Road
Phoenix, Arizona 85016-9225
dpj@gknet.com

By the following means of service:

[ X ]  **BY ELECTRONIC MAIL:** I transmitted the document(s) listed above electronically to the e-mail addresses listed above.  I am readily familiar with the firm's Microsoft Outlook e-mail system, and the transmission was reported as complete, without error.

[ ]  **BY FACSIMILE:** I transmitted the documents listed above by facsimile machine to the facsimile number listed above.  The facsimile machine I used complied with Rule 2003(3) and no error was reported by the machine.  Pursuant to Rule 2008(e)(4), I caused the machine to print a record of the transmission.

[X]  **BY MAIL** (1013 a, 2015.5 CCP): I deposited such envelope in the mail at Los Angeles, California.  The envelope was mailed with postage thereon fully prepaid.  I am readily familiar with the firm's practice for collection and processing correspondence for mailing.  Under that practice, this document will be deposited with the U.S. Postal Service on this date with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[X]  **STATE:** I declare under penalty of perjury under the laws of California that the above is true and correct.

Executed on March 15, 2010, at Los Angeles, California.


By:_____
        G. Thomas Martin, III

- 4 -

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

PLAINTIFF'S RULE 26(a) DISCLOSURES

Northland Group, Inc.
7831 Glenroy Road
Suite 350
Edina, MN 55439

Re:     Chavez v. Northland Group, Inc.


Professional Services

| Date | Description | | Hours | Amount |
|------|-------------|---|-------|--------|
| 12/11/09 | Emails with Ryan Lee; Review of File; Meeting with clients; | JAO | 1.0 | 275.00 |
| 12/15/09 | Emails with Ryan Lee; Review of File; | JAO | 0.5 | 137.50 |
| 12/23/09 | Emails with client; Legal Research; Review of File; | JAO | 1.0 | 275.00 |
| 1/7/20 | Review of File; Meeting with client; Preparation of Answer; Preparation of Interest Disclosure; Meeting with client; | JAO | 2.5 | 687.5 |
| 1/8/10 | Preparation of Answer and Interest Disclosure; Legal Research; Review of File; | JAO | 1.0 | 275.00 |
| 1/11/10 | Emails with Atty  Johnsen; Review of Chavez file; Preparation of Answer; Legal Research; Meeting with Client; | JAO | 1.0 | 275.00 |
| 1/20/10 | Emails with Atty  Johnsen; Review of File; | JAO | 0.5 | 137.5 |
| 3/4/10 | Emails with Atty  Johnsen; Receipt and review of Defendant's Disclosure Statement; Phone call with client; | JAO | 1.0 | 275.00 |
| 3/5/10 | Emails with Atty  Johnsen; Review of File; | JAO | 0.5 | 137.50 |
| 3/5/10 | Preparation of Rule 26(a) Disclosure; Review of File; | JO | 1.0 | 235.00 |
| 3/8/10 | Receipt and Review of Discovery Requests; Meeting with client;  Legal Research; Review of File;  Preparation of *pro hac vice* application; | JAO | 2.0 | 550.00 |

EXHIBIT

tabbies

M

# Jeffrey A. Olson, PLLC

Chavez v. Northland Group, Inc.

| | | | | |
|---|---|---|---|---|
| 3/10/10 | Legal Research; Review of File; Meeting with client; | JAO | 3.25 | 893.75 |
| 3/11/10 | Conference with local counsel; | JO | 0.25 | 58.75 |
| 3/11/10 | Review of File;  Emails with local counsel; | JAO | 0.25 | 68.75 |
| 3/15/10 | Emails with Atty  Johnsen; Receipt and review of Disclosures Statement; Emails with client; | JAO | 1.0 | 275.00 |
| 3/28/10 | Emails with Atty  Johnsen re Depo.; | JAO | 0.25 | 68.75 |
| 3/29/10 | Emails with Atty  Johnsen; Review of File; Preparation for deposition; | JAO | 1.0 | 275.00 |
| 3/29/10 | Preparation of discovery responses; | JO | 1.0 | 235.00 |
| 3/30/10 | Prepare and revise Response to Requests for Admissions and Answers to Interrogatories; Review of File;  Meeting with client; | JO | 3.5 | 822.50 |
| 3/30/10 | Meet with client; Review of file; Emails with Atty Johnsen; | JAO | 1.75 | 481.25 |
| 3/31/10 | Emails with Atty  Johnsen; | JAO | 0.25 | 68.75 |
| 3/31/10 | Revise Response to Request for Admissions, Answers to Interrogatories and Response to Request for Production of Documents; Review of File;  Meet with client; | JO | 2.5 | 587.50 |
| 4/2/10 | Preparation of discovery responses; Emails with Atty  Johnsen; Meeting with client; | JAO | 1.25 | 343.75 |
| 4/6/10 | Emails with Atty  Johnsen; Review of File; | JAO | 0.75 | 206.25 |
| 4/19/10 | Receipt and review of Protective Order; | JAO | 0.25 | 68.75 |
| 4/21/10 | Preparation of Protective Order; Review of File; | JAO | 0.5 | 137.50 |
| 7/2/20 | Emails with Atty  Johnsen; Legal research; Review of File; | JAO | 0.75 | 206.25 |
| 7/12/10 | Emails with Atty  Johnsen; | JAO | 0.25 | 68.75 |
| 7/26/10 | Emails with Atty  Lee; | JAO | 0.25 | 68.75 |
| 8/3/10 | Emails with Atty  Johnsen; | JAO | 0.25 | 68.75 |
| 8/5/10 | Emails with Atty  Johnsen; | JAO | 0.25 | 68.75 |
| 8/19/10 | Emails with Atty  Johnsen; | JAO | 0.25 | 68.75 |
| 9/14/10 | Emails with judge's clerk; Review of file; Meeting with client; Review of File; | JAO | 1.0 | 275.00 |
| | **Sub-Total** | | 32.75 | $8,676.25 |
| | **Disbursements** | | | |
| 3/16/10 | *Pro hac vice* application fee in Arizona | | | 50.00 |
| 3/26/10 | Airfare Reservation – MSP to Scottsdale | | | 495.40 |
| | **Sub-Total** | | | $545.40 |
| | **Grand Total** | | | $9,221.65 |

## IN THE UNITED STATES DISTRICT COURT
### DISTRICT OF MINNESOTA

| | |
|---|---|
| MARY ELLEN WHITE, | ) CIVIL NO: 09-CV-2422-DWF/JJG |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) DECLARATION OF PLAINTIFF |
| | ) |
| NORTHLAND GROUP, INC., | ) |
| | ) |
| Defendant. | ) |

I, MARY ELLEN WHITE, declare as follows: I am the Plaintiff in the above styled case and if called to testify would testify to the following:

1. I am unable to proceed with my case as continued participation would be a great imposition to me.

2. I require the use of a wheel chair due to a spinal injury.

3. I am partially paralyzed as a result of a stroke I suffered in 2006.

4. I have a care giver who assists me with most of my activities of daily living.

5. I currently reside in New Martinsville, West Virginia and I could not travel to Minnesota for a deposition or a trial.

Pursuant to 28 U.S.C. § 1746(2), I, MARY ELLEN WHITE, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

_Mary Ellen White_
MARY ELLEN WHITE

**EXHIBIT**
tabbies
N

- 1 -

CLOSED, CV

# U.S. District Court
## District of Minnesota (DMN)
### CIVIL DOCKET FOR CASE #: 0:09-cv-02422-DWF-JJG

| | |
|---|---|
| White v. Northland Group, Inc. | Date Filed: 09/08/2009 |
| Assigned to: Judge Donovan W. Frank | Date Terminated: 06/22/2010 |
| Referred to: Magistrate Judge Jeanne J. Graham | Jury Demand: Plaintiff |
| Cause: 15:1692 Fair Debt Collection Act | Nature of Suit: 480 Consumer Credit |
| | Jurisdiction: Diversity |

**Plaintiff**

**Mary Ellen White**              represented by **Lee Cassie Yates**
Krohn & Moss, Ltd
120 W Madison St 10th Fl
Chicago, IL 60602
312-578-9428 x 270
Fax: 866-289-0898
Email: cyates@consumerlawcenter.com

*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Northland Group, Inc.**              represented by **Jeffrey A Olson**
Jeffrey A. Olson, PLLC
7831 Glenroy Rd Ste 185
Edina, MN 55439
952-835-4709
Fax: 952-835-4710
Email: jao@biz-lit.com
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 09/08/2009 | 1 | COMPLAINT against Northland Group, Inc., filed by Mary Ellen White. ( Filing fee $ 350 receipt number 3007509.) Case assigned to Judge Donovan W Frank per Master list referred to Magistrate Judge Jeanne J Graham. (Attachments: # 1 Civil Cover Sheet) (LPH) (Entered: 09/08/2009) |
| 09/08/2009 | | Summons Issued as to Northland Group, Inc. (LPH) (Entered: 09/08/2009) |
| 10/29/2009 | 2 | Return of Service Executed for Summons served on Northland Group on 10/29/2009, filed by Mary Ellen White. (Yates, Lee) (Entered: 10/29/2009) |
| 10/29/2009 | 3 | SUMMONS Returned Executed by Mary Ellen White. Northland Group, Inc. |

| | | |
|---|---|---|
| | | served on 10/29/2009, answer due 11/18/2009. (Yates, Lee) (Entered: 10/29/2009) |
| 11/06/2009 | 4 | ANSWER to Complaint by Northland Group, Inc. (Olson, Jeffrey) Modified text on 11/9/2009 (jz). (Entered: 11/06/2009) |
| 11/06/2009 | 5 | DOCUMENT FILED IN ERROR CERTIFICATE of Service by Northland Group, Inc. re 4 Answer to Complaint (Olson, Jeffrey) Modified on 11/6/2009 (kt). Modified text on 11/9/2009 (jz). (Entered: 11/06/2009) |
| 11/06/2009 | 6 | RULE 7.1 DISCLOSURE STATEMENT by Northland Group, Inc. of NGI Holdings Corp. as corporate parent and/or publicly held company. (Olson, Jeffrey) (Entered: 11/06/2009) |
| 11/06/2009 | 7 | DOCUMENT FILED IN ERROR-CERTIFICATE OF SERVICE by Northland Group, Inc. re 6 Rule 7.1 - Disclosure Statement (Olson, Jeffrey) Modified text on 11/9/2009 (jz). (Entered: 11/06/2009) |
| 11/09/2009 | 8 | CERTIFICATE OF SERVICE by Northland Group, Inc. re 4 Answer to Complaint. (Olson, Jeffrey) Modified text on 11/10/2009 (jz). (Entered: 11/09/2009) |
| 11/09/2009 | 9 | CERTIFICATE OF SERVICE by Northland Group, Inc. re 6 Rule 7.1 - Disclosure Statement. (Olson, Jeffrey) Modified text on 11/10/2009 (jz). (Entered: 11/09/2009) |
| 11/12/2009 | 10 | NOTICE of Pretrial Conference: Pretrial Conference set for 12/11/2009 09:30 AM in Judge's Chambers, Suite 342 (STP) before Magistrate Judge Jeanne J. Graham. (Attachments: # 1 Consent Form)(akl) (Entered: 11/13/2009) |
| 12/07/2009 | 11 | REPORT of Rule 26(f) Planning Meeting by Mary Ellen White, Northland Group, Inc.(Yates, Lee) Modified text and filers on 12/8/2009 (jz). (Entered: 12/07/2009) |
| 12/11/2009 | 12 | Minute Entry for proceedings held before Magistrate Judge Jeanne J. Graham: Rule 16 Discovery Conference held on 12/11/2009. (RLR) (Entered: 12/14/2009) |
| 12/23/2009 | 13 | PRETRIAL SCHEDULING ORDER: Amended Pleadings due by 3/1/2010, Discovery due by 7/30/2010, Motions (non-disp) due 8/16/2010, Motions (disp) due by 8/16/2010, Ready for trial due by 1/18/2011. Signed by Magistrate Judge Jeanne J. Graham on 12/23/09. (jam) (Entered: 12/23/2009) |
| 04/20/2010 | 14 | MOTION to Dismiss *Plaintiff's Complaint* by Mary Ellen White. (Yates, Lee) (Entered: 04/20/2010) |
| 04/20/2010 | 15 | NOTICE OF HEARING ON MOTION 14 MOTION to Dismiss *Plaintiff's Complaint* : Motion Hearing set for 7/9/2010 11:00 AM in Courtroom 7C (STP) before Judge Donovan W. Frank. (Yates, Lee) (Entered: 04/20/2010) |
| 04/20/2010 | 16 | MEMORANDUM in Support re 14 MOTION to Dismiss *Plaintiff's Complaint* filed by Mary Ellen White. (Attachments: # 1 LR7.1 Word Count Compliance Certificate)(Yates, Lee) (Entered: 04/20/2010) |
| 04/20/2010 | 17 | AFFIDAVIT of Lee Cassie Yates in SUPPORT of 14 MOTION to Dismiss |

| | | |
|---|---|---|
| | | *Plaintiff's Complaint* filed by Mary Ellen White. (Attachments: # 1 Exhibit(s) A, # 2 Exhibit(s) B)(Yates, Lee) (Entered: 04/20/2010) |
| 04/20/2010 | 18 | EXHIBIT re 17 Affidavit in Support of Motion, 16 Memorandum in Support of Motion by Mary Ellen White filed by Mary Ellen White. (Yates, Lee) (Entered: 04/20/2010) |
| 04/20/2010 | 19 | EXHIBIT re 17 Affidavit in Support of Motion, 16 Memorandum in Support of Motion by Mary Ellen White filed by Mary Ellen White. (Yates, Lee) (Entered: 04/20/2010) |
| 04/20/2010 | 20 | CERTIFICATE OF SERVICE by Mary Ellen White re 16 Memorandum in Support of Motion, 14 MOTION to Dismiss *Plaintiff's Complaint*, 15 Notice of Hearing on Motion *to Dismiss* (Yates, Lee) (Entered: 04/20/2010) |
| 04/26/2010 | 21 | TEXT ONLY ENTRY. AMENDED NOTICE OF HEARING ON MOTION 14 MOTION to Dismiss *Plaintiff's Complaint* : Motion Hearing now set for 7/9/2010 at 10:00 AM in Courtroom 7C (STP) before Judge Donovan W. Frank. (BJS) (Entered: 04/26/2010) |
| 06/07/2010 | 22 | *TEXT ONLY ENTRY* NOTICE of Cancelation & Resetting of Hearing: 21 TEXT ONLY ENTRY. AMENDED NOTICE OF HEARING ON MOTION 14 MOTION to Dismiss *Plaintiff's Complaint*: Motion Hearing originally set for 7/9/2010 at 10:00 a.m. is now set for 7/14/2010 10:30 AM in Courtroom 7C (STP) before Judge Donovan W. Frank. (BJS) (Entered: 06/07/2010) |
| 06/21/2010 | 23 | STIPULATION of Dismissal by Mary Ellen White, Northland Group, Inc. (Yates, Lee) Modified filers on 6/22/2010 (jz). (Entered: 06/21/2010) |
| 06/22/2010 | 24 | ORDER FOR DISMISSAL WITH PREJUDICE. Signed by Judge Donovan W. Frank on 6/22/2010. (BJS) (Entered: 06/22/2010) |
| 06/22/2010 | 25 | JUDGMENT (Attachments: # 1 Civil-8th Circuit Pre-Hearing Conference Notice, # 2 Civil Notice - appeal)(jz) (Entered: 06/22/2010) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 10/08/2010 15:58:00 | | |
| **PACER Login:** | jo0745 | **Client Code:** | northland |
| **Description:** | Docket Report | **Search Criteria:** | 0:09-cv-02422-DWF-JJG |
| **Billable Pages:** | 2 | **Cost:** | 0.16 |

230, 234 (10th Cir. Utah 1975) (Summary judgment does not serve as a substitute for trial, nor can it be employed so as to require parties to litigate via affidavits, and it is drastic relief to be applied with caution); *Giordano vs. Lee,* 434 F. 2d 1227 (8th Cir. Mo. 1970), cert. denied 403 U.S. 931 (summary judgment is an extreme remedy which should be sparingly employed).

Since its impact is rather drastic, summary judgment under Rule 56 must be used with due regard for its purpose and should be cautiously invoked so that no person will be improperly deprived of trial of disputed factual issues. *Watson vs. Southern R. Co.,* 420 F. Supp. 483 (D.C.S.C. 1975).

## IV.   PLAINTIFF VOLUNTARILY WITHDRAWS HIS §§ 1692c(a)(1), 1692e(10), 1692f CLAIMS.

Defendant previously attempted to collect a debt from Plaintiff in 2005. *See* Defendant's Motion for Summary Judgment.  When Plaintiff filed his Complaint he believed that Defendant was calling him in regards to the same medical debt.  Plaintiff also testified to this effect. *See* Defendant's Exhibit A, 16:24-25; 17:9-12; 20:23-24. Given the fact that Defendant admitted that it is a debt collector in its Answer, at the time Plaintiff filed his Complaint he had a good faith belief for his §§ 1692c(a)(1), 1692e(10) and 1692f claims. *See* DE 2.  However, Plaintiff now voluntarily withdraws these claims.[1]

---

[1] Plaintiff elected to withdraw these claims after ordering the deposition transcript on August 25, 2010.  Due to the Labor Day holiday weekend Plaintiff's counsel did not have an opportunity to review the transcript prior to Defendant filing its Motion for Summary Judgment on September 3, 2010.

-7-

EXHIBIT

*bobbies*

O

CV

## U.S. District Court
## District of Minnesota (DMN)
## CIVIL DOCKET FOR CASE #: 0:09-cv-03029-ADM-LIB

Shatto v. Northland Group, Inc.
Assigned to: Judge Ann D. Montgomery
Referred to: Magistrate Judge Leo I. Brisbois
Cause: 15:1692 Fair Debt Collection Act

Date Filed: 10/29/2009
Jury Demand: None
Nature of Suit: 480 Consumer Credit
Jurisdiction: Federal Question

**Plaintiff**

**Jacques Shatto**

represented by **Lee Cassie Yates**
Krohn & Moss, Ltd
120 W Madison St 10th Fl
Chicago, IL 60602
312-578-9428 x 270
Fax: 866-289-0898
Email: cyates@consumerlawcenter.com

*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Northland Group, Inc.**

represented by **Jeffrey A Olson**
Jeffrey A. Olson, PLLC
7831 Glenroy Rd Ste 185
Edina, MN 55439
952-835-4709
Fax: 952-835-4710
Email: jao@biz-lit.com
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 10/29/2009 | 1 | COMPLAINT against Northland Group, Inc. ( Filing fee $ 350 receipt number 40038831.) assigned to Judge Ann D. Montgomery per Master List and referred to Magistrate Judge Raymond L. Erickson, filed by Jacques Shatto. (Attachments: # 1 Civil Cover Sheet) (kt) (Entered: 10/29/2009) |
| 10/29/2009 | | Summons Issued as to Northland Group, Inc. (kt) (Entered: 10/29/2009) |
| 01/08/2010 | 2 | ANSWER to Complaint by Northland Group, Inc. (Olson, Jeffrey) (Entered: 01/08/2010) |
| 01/08/2010 | 3 | RULE 7.1 DISCLOSURE STATEMENT by Northland Group, Inc. of NGI Holdings Corp. as corporate parent. (Attachments: # 1 Certificate of Service) |

| | | |
|---|---|---|
| | | (Olson, Jeffrey) Modified on 1/11/2010 (kt). (Entered: 01/08/2010) |
| 01/08/2010 | 4 | CERTIFICATE OF SERVICE by Northland Group, Inc. re 2 Answer to Complaint, 3 Corporate Disclosure Statement. (Olson, Jeffrey) Modified text and links on 1/11/2010 (kt). (Entered: 01/08/2010) |
| 01/21/2010 | 5 | PRETRIAL NOTICE AND ORDER A Pretrial Conference in this matter is set for 10:00 a.m., on Monday, February 22, 2010, before Chief Magistrate Judge Raymond L. Erickson, in Chambers, Room No. 412, Gerald W. Heaney Federal Building and U.S. Courthouse, 515 West First Street, Duluth, Minnesota. Signed by Chief Mag. Judge Raymond L. Erickson on 01/21/2010. (Attachments: # 1 Consent Form)(jz) (Entered: 01/21/2010) |
| 01/26/2010 | 6 | LETTER TO MAGISTRATE JUDGE by Jacques Shatto. (Yates, Lee) (Entered: 01/26/2010) |
| 02/11/2010 | 7 | REPORT of Rule 26(f) Planning Meeting by Jacques Shatto, Northland Group, Inc.(Yates, Lee) Modified filers and text on 2/12/2010 (akl). (Entered: 02/11/2010) |
| 02/11/2010 | 8 | STATEMENT OF CASE as to Jacques Shatto. (Yates, Lee) (Entered: 02/11/2010) |
| 02/15/2010 | 9 | STATEMENT OF CASE as to Northland Group, Inc.. (Attachments: # 1 Certificate of Service)(Olson, Jeffrey) (Entered: 02/15/2010) |
| 02/18/2010 | 10 | Minute Entry for proceedings held before Chief Mag. Judge Raymond L. Erickson: Initial Pretrial Conference held on 2/18/2010. Dates discussed for the progression of the case. Written Pretrial Order to be issued. (Digital Recording) (jz) (Entered: 02/18/2010) |
| 02/18/2010 | 11 | PRETRIAL ORDER Amended Pleadings due by 4/2/2010. Discovery due by 8/2/2010. Motions (non-disp) due 9/2/2010. Motions (disp) due by 10/2/2010. Ready for trial by 12/2/2010. Signed by Chief Mag. Judge Raymond L. Erickson on 02/18/2010. (jz) (Entered: 02/18/2010) |
| 09/01/2010 | 12 | TEXT-ONLY ENTRY. CLERK'S NOTICE OF REASSIGNMENT. Due to the retirement of Magistrate Judge Erickson, this case is reassigned to Magistrate Judge Leo I. Brisbois. Chief Mag. Judge Raymond L. Erickson no longer assigned to the case. (WB) (Entered: 09/01/2010) |
| 09/02/2010 | 13 | MOTION for Summary Judgment by Northland Group, Inc. (Olson, Jeffrey) (Entered: 09/02/2010) |
| 09/02/2010 | 14 | NOTICE OF HEARING ON 13 MOTION for Summary Judgment: Motion Hearing set for 10/14/2010 09:00 AM in Courtroom 13W (MPLS) before Judge Ann D. Montgomery. (Olson, Jeffrey) Modified text on 9/3/2010 (lmb). (Entered: 09/02/2010) |
| 09/02/2010 | 15 | MEMORANDUM in Support re 13 MOTION for Summary Judgment filed by Northland Group, Inc. (Olson, Jeffrey) (Entered: 09/02/2010) |
| 09/02/2010 | 16 | AFFIDAVIT of Lance T. Black in SUPPORT OF 13 MOTION for Summary Judgment filed by Northland Group, Inc. (Olson, Jeffrey) (Entered: |

| | | 09/02/2010 |
|---|---|---|
| 09/02/2010 | 17 | LR7.1 WORD COUNT COMPLIANCE CERTIFICATE by Northland Group, Inc. re 15 Memorandum in Support of Motion. (Olson, Jeffrey) (Entered: 09/02/2010) |
| 09/02/2010 | 18 | CERTIFICATE OF SERVICE by Northland Group, Inc. re 15 Memorandum in Support of Motion, 13 MOTION for Summary Judgment, 16 Affidavit in Support of Motion, 17 LR7.1 Word Count Compliance Certificate, 14 Notice of Hearing on Motion. (Olson, Jeffrey) Modified text on 9/3/2010 (lmb). (Entered: 09/02/2010) |
| 09/03/2010 | 19 | AFFIDAVIT of Jeffrey A. Olson in SUPPORT OF 13 MOTION for Summary Judgment filed by Northland Group, Inc. (Attachments: # 1 Exhibit: Plaintiff's Deposition, # 2 Exhibit: Plaintiff's Verified Complaint, # 3 Exhibit: 2005 Account Notes, # 4 Exhibit: Qwest Telephone Records, # 5 Exhibit: Plaintiff's Screens pp.1-3, # 6 Exhibit: Plaintiff's Screens pp. 4-6, # 7 Exhibit: Plaintiff's Screens pp. 7-9, # 8 Exhibit: Plaintiff's Screens pp. 10-12, # 9 Exhibit: Plaintiff's Screens pp. 13-15, # 10 Exhibit: Interrogatories to Plaintiff, # 11 Exhibit: Plaintiff's Responses to Interrogatories, # 12 Exhibit: Brown v. ACB Business Services). (Olson, Jeffrey) Modified text on 9/3/2010 (lmb). (Entered: 09/03/2010) |
| 09/22/2010 | 20 | MEMORANDUM in Opposition re 13 MOTION for Summary Judgment filed by Jacques Shatto. (Attachments: # 1 LR7.1 Word Count Compliance Certificate, # 2 Certificate of Service)(Yates, Lee) (Entered: 09/22/2010) |
| 09/22/2010 | 21 | AFFIDAVIT of Lee Cassie Yates in OPPOSITION TO 13 MOTION for Summary Judgment filed by Jacques Shatto. (Attachments: # 1 Exhibit(s) A) (Yates, Lee) (Entered: 09/22/2010) |
| 09/30/2010 | 22 | REPLY In Support re 13 MOTION for Summary Judgment filed by Northland Group, Inc. (Attachments: # 1 LR7.1 Word Count Compliance Certificate, # 2 Certificate of Service). (Olson, Jeffrey) Modified text on 9/30/2010 (lmb). (Entered: 09/30/2010) |
| 09/30/2010 | 23 | AFFIDAVIT of Valerie Bartosh in SUPPORT OF 13 MOTION for Summary Judgment filed by Northland Group, Inc. (Olson, Jeffrey) (Entered: 09/30/2010) |
| 09/30/2010 | 24 | AFFIDAVIT of Jeffrey A Olson in SUPPORT OF 13 MOTION for Summary Judgment filed by Northland Group, Inc. (Olson, Jeffrey) (Entered: 09/30/2010) |
| 10/07/2010 | 25 | MOTION to Strike 22 Reply In Support re 13 MOTION for Summary Judgment, 23 Affidavit in Support of Motion, 24 Affidavit in Support of Motion by Jacques Shatto. (Yates, Lee) Modified text and link on 10/7/2010 (lmb). (Entered: 10/07/2010) |
| 10/07/2010 | 26 | MEMORANDUM in Support re 25 MOTION. (Attachments: # 1 Certificate of Compliance with LR 7.1, # 2 Certificate of Service). (Yates, Lee) Modified text on 10/7/2010 (lmb). (Entered: 10/07/2010) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 10/08/2010 15:59:38 | | | |
| **PACER Login:** | jo0745 | **Client Code:** | northland |
| **Description:** | Docket Report | **Search Criteria:** | 0:09-cv-03029-ADM-LIB |
| **Billable Pages:** | 2 | **Cost:** | 0.16 |

EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rudolph Chavez and Lynn Reed-Chavez, husband and wife, | Case No.  CV-09-2521-LOA |
| Plaintiffs, | |
| v. | **AFFIDAVIT OF VALERIE BARTOSH** |
| Northland Group, inc., | |
| Defendant. | |

State of Minnesota )
)ss.
County of Hennepin )

Valerie Bartosh makes the following affidavit under oath:

1.  I am the Compliance Coordinator for Northland Group, Inc. ("Northland").

2.  When customers make complaints against Northland, I assist in investigating the claim and did so in this case.

3.  Upon learning of Plaintiff filing the Complaint in this case, I searched for an account in the name of Rudolph Chavez on the Northland collection database.  I was not able to identify an account relevant to this case in Mr. Chavez's name

4.  Upon learning from Plaintiff the telephone number at issue in this case ("the Number"), I electronically searched Northland's collection account database system for all calls made

to the Number.  I also ran an electronic search of the billing statements that Northland

receives from Qwest telephone for the relevant time period.

5.  I found an account in the name of "John Doe" and with respect to that account, the

following calls/attempted calls to the Number:

| Time Period/Date | Time of Call(s) | |
|---|---|---|
| 10/16/09 | 2:53 | No Answer |
| 10/19/09 | 5:56 | Answering Machine, No message left |
| 10/20/09 | 3:13 | Answering Machine, No message left |
| 10/21/09 | 1:38 | Answering Machine, No message left |
| 11/10/09 | 8:39 pm | 24 second call, see transcript |

6.  All of the calls were to the Number.  No messages were left, and Northland was not able

to make contact with anyone on the first four attempts.

7.  On the fifth attempt, a brief 24-second conversation occurred, a true and correct copy of a

transcript of that call is attached hereto as Exhibit A. The Northland agent in that call,

marked the Number as bad and Northland made no subsequent calls to the Number.

8.  All of the calls were related to an account that had been placed with Northland for

collection and was not in the name of Rudolph Chavez.

9.  Northland was served with the Summons and Complaint in this matter on December 22,

2010 and again on February 12, 2010.

FURTHER YOUR AFFIANT SAITH NOT.

Valerie Bartosh

Subscribed and sworn to before me
this 12th day of October, 2010.

Notary Public

Jeffrey A. Olson
Notary Public
State of Minnesota
My Commission Expires 01/31/2015

3

Telephone Call Transcript
623-486-5194
Duration:  :24

NL:  Northland Group Collection Professional
RC:  Male answering the telephone, presumably Rudolph Chavez

NL:  Hello

RC:  Hello

NL:   Hi.  I'm trying to reach S****

RC:  C***???

NL:  S******

RC:  Oh….No, ma'am he hasn't lived here in five years.

NL:  Oh, I see.  Do you happen to any better way to get a hold of him.

RC:  No I sure don't.  Uh, last I heard he moved to Texas.

NL:  Oh, ok.  Well, I'll update my records then.  Thank you so much.

RC:  You bet.

NL:  Bye bye.



EXHIBIT
tabbies

EXHIBIT 3

1   Donald Peder Johnsen (011545)
2   dpj@gknet.com
    GALLAGHER & KENNEDY, P.A.
3   2575 East Camelback Road
    Phoenix, Arizona 85016-9225
4   (602) 530-8000
5   Attorneys for defendant

6

7                    IN THE UNITED STATES DISTRICT COURT

8                       FOR THE DISTRICT OF ARIZONA

9
10  Rudolph Chavez,                    )   No. 2:09-CV-02521-LOA
                                       )
11                  Plaintiff,         )   **AFFIDAVIT OF DONALD PEDER**
                                       )   **JOHNSEN**
12  v.                                 )
                                       )
13                                     )
    Northland Group, Inc.,             )
14                                     )
15                  Defendant.         )
                                       )
16  _____

17  STATE OF ARIZONA          )
                              ) ss.
18  COUNTY OF MARICOPA        )

19          Donald Peder Johnsen, being duly sworn, deposes and states as follows:

20          1.  I am a shareholder with the law firm of Gallagher & Kennedy, P.A., the

21  attorneys acting as local counsel for the defendant in this case.

22          2.  I am an attorney licensed to practice law in the State of Arizona.  I

23  received my undergraduate degree with distinction from the University of Arizona in

24  1981.  I received my law degree from the College of William & Mary in 1987, where I

25  was Managing Editor of the William & Mary Law Review and a member of the Order of

26  the Coif.  After graduating from law school, I served as a judicial clerk to the late Hon.

27  Clement F. Haynsworth, Jr., of the United States Court of Appeals for the Fourth Circuit.

28  I was admitted to practice law in Arizona in 1987.  I was admitted to practice law in

                                     -1-

Minnesota in 1988.  I am a member of the bar of the United States Supreme Court, the United States Court of Appeals for the Fourth Circuit, the United States Court of Appeals for the Eighth Circuit, the United States Court of Appeals for the Ninth Circuit, the District of Minnesota, and the District of Arizona.  I have an "AV" rating from Martindale-Hubbell.

3.  I attended the initial scheduling conference with the Court in this case.  At the conference, I advised the Court and opposing counsel that we believed that the plaintiff's claim lacked merit and that Northland intended to file a dispositive motion.  I further advised that Northland intended to seek fees and costs in this action and would seek joinder of Plaintiff's spouse as a party to accommodate that anticipated action.  After the conference, counsel for the parties entered into a Stipulation to add Ms. Chavez as a party to this lawsuit.

4.  On March 15, 2010, the plaintiffs' counsel made a settlement demand, demanding $4,000.00, closure of the plaintiff's account, cessation of all collection activities, and deletion of all negative trade lines on credit bureaus.

5.  Late in the day on March 26, 2010, the plaintiffs' counsel advised me, without explanation, that plaintiff Rudolph Chavez was not able to appear for his April 1 deposition.  At that same time, K&M advised me that they were withdrawing from the case.  I advised K&M that Northland's attorney from Minnesota was taking the deposition and that he had already purchased an airline ticket.  I was advised, without explanation, that Mr. Chavez could not be available until May 17, a month and a half later, for a deposition.  K&M also asserted that I was in violation of Local Rule 7.2(j) for unilaterally noticing Mr. Chavez's deposition.

6.  On or about April 26, 2010, K&M sought Northland's stipulation to dismiss this case, asking that each party bear its own costs and fees.  On behalf of Northland, I offered to agree to such a stipulation upon payment of $2,500.00 of Northland's fees and costs.  Plaintiff's response was to file the current motion.

-2-

7.  My billing rate in this matter at the inception of the case in 2009 was $450.00 per hour.  My billing rate in this matter in 2010 is $475.00 per hour.  I am aware of the fees charged in similar matters by various attorneys with generally similar experience and training in this community, and it is my professional opinion that all of our firm's billing rates in this matter are reasonable, and that they are generally in accordance with the rates charged by other lawyers in this community with similar experience and training.

8.  I have reviewed a detailed summary of the time that our firm spent in the representation of the defendant in this matter.  That summary is based upon the individual time sheets that our professionals maintain as we work on this case.  We generally fill out daily time sheets as the work is performed.  The information on those time sheets then is entered into the firm's computer system, where the data is stored.  Thereafter, bills are rendered to the client on a monthly basis, reflecting the work performed, the charges, and the expenses incurred in the representation.  These practices and procedures are standard to the firm, and are within its normal business operations.  The summary establishes that the defendant has incurred a total of $6,412.50 in legal fees on this file to date in services performed by our firm.

9.  This concludes my affidavit, which consists of three typewritten pages.

DATED this 12th day of October, 2010.

Donald Peder Johnsen

Subscribed and sworn to before me this 12th day of October, 2010, by Donald Peder Johnsen.

Notary Public

My commission expires:

October 1, 2013

2566794

OFFICIAL SEAL
COLLEEN R. BERGSTEN
NOTARY PUBLIC - State of Arizona
MARICOPA COUNTY
My Comm Expires Oct 1, 2013

-3-