**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rudolph Chavez, | ) No. CV-09-2521-PHX-LOA |
| Plaintiff, | ) |
| | ) **ORDER** |
| vs. | ) |
| | ) |
| Northland Group, | ) |
| Defendant. | ) |
| | ) |

This matter is before the Court on Plaintiff's Motion to Dismiss with Prejudice.  (Doc. 36)  Defendant does not oppose dismissal, but seeks payment of its costs and attorney's fees. (Doc. 38)   The undersigned Magistrate Judge has jurisdiction over this matter because all parties have consented in writing to magistrate-judge jurisdiction pursuant to 28 U.S.C. § 636(c)(1). (Docs. 7, 12, 29) After consideration of the parties' briefing on the motion and relevant legal authority, the Court will grant Plaintiff's Motion to Dismiss with Prejudice and will deny Defendant's request for attorney's fees and costs.

**I. Background**

On December 3, 2009, Plaintiff, represented by Krohn & Moss, Ltd. ("K&M"'"), filed suit invoking this Court's federal question jurisdiction pursuant to 28 U.S.C. § 1331.  Plaintiff alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), which was enacted in 1977 "'to eliminate abusive practices, not disadvantage ethical debt collections, and promote consistent state action.'" *Bieber v. Associated Collection Services, Inc.*, 631 F.Supp. 1410, 1414 (D.Kan. 1986) (quoting S.Rep. No. 382, 95th Cong., 1st

1   Sess. 7, U.S. Code Congressional and Administrative News 1977, pp. 1695, 1701)); 15 U.S.C.

2   § 1692(e).   Specifically, Plaintiff alleges that Defendant "placed constant and continuous

3   collection calls to Plaintiff" in violation of the FDCPA.  (Doc. 1 at 3)  Plaintiff further alleges

4   that Defendant failed to meaningfully identify the caller or to identify itself as a debt collector.

5   (*Id*.)

6         Defendant argues that Plaintiff's allegations are baseless and that he filed a

7   "boilerplate claim." (Doc. 38 at 1)  Defendant argues that upon learning that Plaintiff had filed

8   the Complaint, it searched its database and found that it did not have an account with Plaintiff's

9   name. (Doc. 38-2; Affidavit of Valerie Bartosh ¶ 3 ("Bartosh Aff."))  Based upon the telephone

10  number in the Complaint, Defendant identified a collection account in the name of a third party,

11  referred to as John Doe.  (Doc. 38-2; Bartosh Aff. ¶¶ 4-5)  Defendant's investigation revealed

12  that on or about October 12, 2009, one of Defendant's clients forwarded an account in the name

13  of John Doe for collection purposes.  *Id*.  Defendant attempted to contact John Doe and made

14  four unsuccessful attempts by calling the telephone number identified in the Complaint.  On

15  November 10, 2009, a man, presumably Plaintiff, answered Defendant's fifth call and had the

16  following 24-second exchange with Defendant's representative:

17        Northland:  Hello

18        Chavez: Hello

19        Northland: Hi, I'm trying to reach S****

20        Chavez: C***

21        Northland: S****

22        Chavez: Oh . . .No, ma'am he hasn't lived here in five years.

23        Northland: Oh, I see.  Do you happen to know a better way to get a hold of him.

24        Chavez: No, I sure don't.  Uh, last I heard he moved to Texas.

25        Northland: Oh, ok.  Well, I'll update my records then.  Thank you so much.

26        Chavez: You bet.

27        Northland: Bye bye.

28

1   (Doc. 38-2; Barthosh Aff. ¶ 7, Exh. A)  Defendant marked the phone number as "bad" and did

2   not make any subsequent calls to that number.  (*Id*. at ¶ 7)

3          Defendant states that after viewing Plaintiff's Complaint on PACER, counsel for

4   Defendant e-mailed Plaintiff's counsel, Ryan Lee of K&M, on December 11, 2009, seeking

5   additional information, a settlement demand, and to offer to accept service to avoid that

6   litigation expense.  (Doc. 38, Olson Affidavit, Exh. D)   Having received no response, on

7   December 15, 2009, Defendant's attorney e-mailed Mr. Lee to follow-up on the December 11,

8   2009 e-mail.  Mr. Lee never responded to either e-mail.  (Doc. 38, Olson Aff. ¶ 7-8)   On

9   December 22, 2009 and again on February 12, 2010, Defendant was served with the Summons

10  and Complaint.  (Doc. 38, Bartosh Aff. ¶ 9)  On January 12, 2010, Defendant filed an Answer,

11  denying Plaintiff's allegations.  (Doc. 9)

12         Thereafter, on March 2, 2010, Plaintiff served on Defendant Interrogatories, Requests

13  for Admissions, and Requests for Documents.  (Doc. 38, Olson Aff., Exhs. F, G, H) Defendant

14  complains that the discovery requests were "boilerplate" and included, in the aggregate, "70 +

15  Interrogatories, Requests for Admissions and Requests for Documents." (Doc. 38 at 5)

16  Although Defendant describes Plaintiff's discovery requests as "far reaching," doc. 38 at 14,

17  the record reflects that Defendant never objected to the nature or number of discovery requests.

18         On March 3, 2010, the parties had their Rule 16 scheduling conference with the Court

19  during which Defendant's counsel indicated that Plaintiff's claims lacked merit and that it

20  intended to file a dispositive motion.  (Doc. 83, Donald Peder Johnson ¶ 3)  Defendant further

21  argues that on March 17, 2010, it noticed Plaintiff's deposition for April 1, 2010.  On March

22  26, 2010, Plaintiff's counsel advised Defendant, without explanation, that Plaintiff could not

23  appear for his deposition and that K&M was withdrawing from the case.  (Doc. 83, Johnson Aff.

24  ¶ 5)   Defendant's counsel advised K&M that it had already purchased a plane ticket for the

25  deposition, and Plaintiff's counsel indicated that Plaintiff could not be available until May 17,

26  2010.  Plaintiff was never deposed.  (Doc. 38 at 7)  On March 15, 2010, Plaintiff's counsel

27  made a settlement demand.  (Doc. 38 at 6; Olson Aff., Exh. L)

28         On April 2, 2010, Defendant served its discovery responses on Plaintiff and reiterated

that it could not find a debt or account belonging the Plaintiff.  (Doc. 38 at 7)  On April 20, 2010, Plaintiff's counsel was provided with redacted copies of documents relating to John Doe's account.

Thereafter, Plaintiff sought Defendant's stipulation to dismiss this case - each party to bear its own costs and fees.  (Doc. 83, Johnsen Aff. ¶ 6)  Defendant declined and offered to stipulate to dismissal upon payment of $2,500.00 of Defendant's costs and fees. (*Id*.)  In response, Plaintiff filed the pending motion to dismiss with prejudice.

**II.  Voluntary Dismissal with Prejudice**

Plaintiff has filed a motion to voluntarily dismiss his Complaint with prejudice to "bring the litigation to a conclusion without further expense on the part of Plaintiff or Defendant." (Doc. 36 at 2)  Plaintiff further states that "this case has barely been litigated since discovery has not been completed nor any deposition has been taken."  (*Id*. at 2-3)   In his Reply, Plaintiff asserts that he seeks voluntarily dismissal of his Complaint because he "suffers from severe cirrhosis of the liver and requires a liver transplant."  (Doc. 42 at 1)  He further alleges that his medical condition causes memory problems "which prevents him from remembering specific details regarding additional calls Defendant placed with Plaintiff." (Doc. 42 at 1-2)  In support of his Reply, Plaintiff submits his Declaration and a letter authored by Daljit S. Bal, M.D., dated June 21, 2005 addressed "To Whom it May Concern," which states that Plaintiff has severe cirrhosis of the liver.  (Doc. 42-1, Exh. A) The June 21, 2005 letter further stated that twice during the five months preceding June 21, 2005, Plaintiff was admitted to the "C.C.U. unit at Banner Health Hospital" for hemmorhaging and encephalopahy and that "[h]epatic encephalopahy makes the patient unable to care for himself [including] remembering."  (Doc. 42-1, Exh. A)  Finally, the letter indicates that Plaintiff's "medical emergency is ongoing."  (*Id*.)  Although Plaintiff has apparently suffered from cirrhosis of the liver since, at least, as early as June 21, 2005, he does not explain why he was able to commence this action while suffering from that condition, but now cannot continue to pursue his action. The extent to which Plaintiff's medical condition impedes his ability to litigate this action, however, is not significant because Defendant does not oppose dismissal of Plaintiff's case with

prejudice.  (Doc. 38)  Rather, Defendant argues it should not have to pay its attorney's fees and costs incurred thus far.  (Doc. 38)  Defendant seeks to recover costs and attorney's fees under 15 U.S.C. § 1692k(a)(3), 28 U.S.C. § 1927, Federal Rule of Civil Procedure 11, and the inherent power of the court.

Federal Rule of Civil Procedure Rule 41(a) governs the voluntary dismissal of an action in federal court. Rule 41(a)(2) provides that unless a plaintiff files a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment, or the parties stipulate to the dismissal of the action, "[a]n action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. . . ." Fed.R.Civ.P. § 41(a)(2). The decision to grant or deny a motion pursuant to Rule 41(a)(2) is within the sound discretion of the trial court and may be reviewed only for abuse of that discretion. *Sams v. Beech Aircraft Corp.*, 625 F.2d 273, 277 (9th Cir. 1980).  A motion for voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(2) should be granted unless a defendant can show that it will suffer some plain legal prejudice as a result of the dismissal. *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001); *Stevedoring*, 889 F.2d at 921 (stating that the purpose of Rule 41(a)(2) is "to permit a plaintiff to dismiss an action without prejudice so long as the defendant will not be prejudiced. . . or unfairly affected by dismissal."). Because Rule 41(a)(2) exists chiefly for the defendant's protection, the district court has the discretion to condition a dismissal without prejudice upon the payment of "appropriate costs and attorney fees." *Westlands Water Dist. v. United States*, 100 F.3d 94, 96 (9th Cir. 1996).[1] The payment of fees, however, is not a prerequisite to a Rule 41(a) dismissal.  *Stevedoring Servs. of Am. v. Armilla Intern. B.V.*, 889 F.2d 919, 921 (9th Cir. 1989) ("no circuit court has held that payment of the

---

[1] In its Response, Defendant suggests that the fees and costs are routinely imposed in the case of voluntary dismissal under Rule 41(a).  Defendant, however, relies on cases where dismissal was granted without prejudice and ignores the distinction between dismissal with and without prejudice.  (*See* Doc. 38 at 9) (citing *U.S. v. Berg*, 1990 F.R.D. 539, 543-44 (E.D.Ca. 1999) (granting voluntary dismissal without prejudice);*Stevedoring Servs. of Am. v. Armilla Intern. B.V.*, 889 F.2d 919, 921 (9th Cir. 1989) (holding that district court did not abuse its discretion by refusing to order plaintiff to pay defendant's fees and costs as a condition to an order granting voluntary dismissal without prejudice under Rule 41(a)(2)).

defendant's costs and attorney fees is a prerequisite to an order granting voluntary dismissal."). Additionally, the Ninth Circuit has held that "Fed.R.Civ.P. 41(a)(2) in itself is not 'specific statutory authority' for the imposition of sanctions against an attorney." *Heckethorn v. Sunan Corp.*, 992 F.2d 240, 242 (9th Cir. 1993)  (citing *Harris v. Marsh*, 679 F.Supp. 1204, 1371 (E.D.N.C. 1987) ("it is clear that Rule 41(a)(2) alone does not provide an independent basis for the imposition of fees."), *aff'd in part, rev'd in part*, 914 F.2d 525 (4th Cir. 1990), *cert. denied*, 499 U.S. 959 (1991). "Given the presumption that an attorney is generally not liable for fees unless that prospect is spelled out, it would be incongruous to conclude from the broad language of Fed.R.Civ.P. 41(a)(2) that an attorney could be sanctioned by authority of this rule alone." *Heckethorn*, 992 F.2d at 242.  Thus, the district court must have an independent basis to impose fees and costs as a condition of voluntary dismissal.  *Id.*

In *Heckethorn*, because the court held that Fed.R.Civ.P. 41(a)(2) does not provide an independent basis for sanctioning attorneys, it left open the issues of "whether a district court can impose conditions under Fed.R.Civ.P. 41(a)(2) when the dismissal is with prejudice.  *Id.* at 242-43.   Although it does not appear that the Ninth Circuit has resolved the issue, other federal courts have concluded that the payment of fees and costs ordinarily should not be imposed as a condition for voluntary dismissal with prejudice. *Burnette v. Godshall*, 828 F.Supp. 1439, 1443 (N.D.Cal. 1993) ("Since the . . . cause of action has been dismissed with prejudice, costs and attorney fees cannot be awarded to Defendants because there is no future risk of litigation," but noting that sanctions could still be imposed under Fed.R.Civ.P. 11); *see also Gonzalez v. Proctor and Gamble Co.*, 2008 WL 612746 at * 3 (S.D.Cal. 2008) ("A plaintiff faced with the imposition of attorneys' fees and costs as a condition of voluntary dismissal may request that the action be dismissed with prejudice to avoid payment ."); *Steinert v. Winn Group, Inc*., 440 F.3d 1214, 1222 (10th Cir. 2006) ("if the dismissal is with prejudice, attorney fees may be imposed under Rule 41(a)(2) only in 'exceptional circumstances.'").   However, these courts have held that, in the case of a voluntary dismissal with prejudice, costs and fees may be imposed under "exceptional circumstances" or pursuant to Fed.R.Civ.P. 11.

In this case, Plaintiff moves to dismiss its claims against Defendant with prejudice.

1   Defendant does not object to voluntary dismissal with prejudice.  Rather, Defendant seeks to

2   recover its costs and attorney's fees as a condition of dismissal with prejudice.   After

3   consideration of this matter, the Court will grant Plaintiff's motion for voluntary dismissal with

4   prejudice pursuant to Fed.R.Civ.P. 41(a).  The fact that the dismissal is with prejudice, such that

5   Plaintiff's claims cannot be reasserted in another federal suit, supports a finding that the

6   dismissal will cause no legal prejudice.  *Smith v. Lenches*, 263 F.3d 972 (9th Cir. 2001).

7           Because Fed.R.Civ.P 41(a) does not itself authorize the imposition of fees and costs

8   as a condition of dismissal, Defendant argues that it is entitled to an award of fees and costs

9   pursuant to 15 U.S.C. § 1692k, 28 U.S.C. § 1927, Federal Rule of Civil Procedure 11, or the

10  Court's inherent authority.  Although Ninth Circuit case law regarding the imposition of fees

11  and costs following dismissal with prejudice is a bit unclear, the Court will consider whether

12  fees and costs would be appropriate under the statutory provisions upon which Defendant relies.

13  **III.  FDCPA Fee Provision**

14          Title 15 U.S.C. § 1692k(a)(3) provides, in relevant part, that "[o]n a finding by the

15  court that an action under [the FDCPA] was brought in bad faith and for the purpose of

16  harassment, the court may award to the defendant attorney's fees reasonable in relation to the

17  work expended and costs."  15 U.S.C. § 1692k(a)(3).  In *Hyde v. Midland Credit Management,*

18  *Inc*., 567 F.3d 1137, 1140 (9th Cir. 2009), the Ninth Circuit held that "§ 1692k(a)(3) does not

19  authorize the award of attorney's fees and costs against plaintiff's attorneys."  *Id.*  Rather, §

20  1692k(a)(3) "authorizes  attorney's fees and costs only against the offending plaintiff or

21  plaintiffs."  *Hyde*, 567 F.3d at 1141.

22          Defendant's motion seeks an order holding "K&M and Plaintiff . . . jointly and

23  severally responsible" for Defendant's attorney's fees. (Doc. 38 at 17) To the extent that

24  Defendant relies on § 1692k(a)(3) to recover attorney's fees and costs from Plaintiff's counsel,

25  K&M, Defendant's claim fails because §1692k(a)(3) does not authorize the award of such

26  expenses against Plaintiff's counsel.

27          Additionally, Defendant has not made a sufficient showing of bad faith and

28

1   harassment on the part of Plaintiff.  Defendant merely argues that "falsely accusing Northland

2   of deceptive and abusive practices and forcing Northland to participate in and incur expenses

3   associated with a baseless federal law suit" constituted bad faith.  (Doc. 38 at 10)  Defendant

4   does not cite any case law discussing the application of § 1692k(a)(3), but rather relies on the

5   definitions of "bad faith" and "harassment" in Black's Law Dictionary and Merriam-Webster

6   Dictionary, respectively.  (Doc. 38 at 10)  Citation to these two dictionaries without further

7   analysis does not satisfy Defendant's burden. The defendant must show with more than

8   conclusory assertions that the plaintiff acted in bad faith and for the purpose of harassment.

9   *Guerrero v. RJM Acquisitions LLC*, 499 F.3d 926, 940-41 (9th Cir. 2007).  In *Guerrero*, the

10  court declined to find bad faith because the plaintiff's claims were "minimally colorable." *Id*.

11  Such is the case here, although Plaintiff's allegations in the Complaint are bare bones, Plaintiff

12  alleges several facts in support of his allegations which, if true, could support a claim for relief

13  under the FDCPA. (Doc. 1 at 3) (alleging Defendant placed constant and continuous collection

14  calls seeking payment for an alleged debt, and placed such calls without meaningful disclosure

15  of the caller's identity.).  Indeed, in response to the Complaint, Defendant filed an Answer, not

16  a motion to dismiss. Even if the Court finds Plaintiff acted in bad faith, the purpose of

17  harassment is not evident. Defendant's conclusory assertion that Plaintiff's purpose was to

18  harass does not entitle it to attorney's fees under the Federal Debt Collection Practices Act.

19  *Bonner v. Redwood Mortgage Corporation*, 2010 WL 2528962 (N.D.Cal. 2010) (declining to

20  award attorney's fees under § 1692k even though plaintiff acted in bad faith by filing a

21  complaint that "bore obvious indicia of being derived from a generic" pleading and did not

22  allege supporting facts, where defendant failed to show plaintiff's purpose was to harass.).

23  **V.  Attorney's Fees under 28 U.S.C. § 1927**

24          Title 28 U.S.C. § 1927 is not specific to any particular statute.  Rather, it applies to

25  any civil action in federal district court.  Section 1927 specifically provides for remedies against

26  counsel.  The Court may require "[a]ny attorney. . . who so multiplies the proceedings in any

27  case unreasonably and vexatiously" to pay "attorneys' fees reasonably incurred because of such

28  conduct." 28 U.S.C. § 1927. For an attorney's actions to qualify as unreasonable and vexatious

1   under § 1927, a finding of subjective bad faith on the part of the attorney is required. *Pacific*

2   *Harbor Capital, Inc. v. Carnival Air Lines, Inc*., 210 F.3d 1112, 1118 (9th Cir. 2000).  Both

3   "[k]nowing and reckless conduct meets this standard." *Id*.  Recklessness suffices for § 1927

4   sanctions, but sanctions imposed under the district court's inherent authority require a bad faith

5   finding.  *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1107-08 (9th Cir. 2002) (attorney's

6   knowing and reckless introduction of inadmissible evidence was tantamount to bad faith and

7   warranted sanctions under § 1927 and the court's inherent power); *Fink v. Gomez*, 239 F.3d

8   989, 993-94 (9th Cir. 2001) (attorney's reckless misstatements of law and fact, combined with

9   an improper purpose, are sanctionable under the court's inherent power).

10       Under Ninth Circuit law, Section 1927 applies only to the unnecessary multiplication

11  of proceedings within the scope of an already filed action, and is entirely inapplicable to the

12  filing of initial pleadings in an action:

13          Because the section authorizes sanctions only for the "multipli[cation of]
            proceedings," it applies only to unnecessary filings and tactics once a lawsuit has
14          begun. We have twice expressly held that § 1927 cannot be applied to an initial
            pleading. *See Zaldivar* [*v. Los Angeles* ], 780 F.2d [823,] 831 (9th Cir .1986)
15          (under § 1927, "the multiplication of proceedings is punished, thus placing initial
            pleadings beyond" the section's reach) (emphasis in original); *Matter of Yagman*,
16          796 F.2d 1165, 1187 (9th Cir. [1986]) ("Section 1927 does not apply to initial
            pleadings, since it addresses only the multiplication of proceedings. It is only
17          possible to multiply or prolong proceedings after the complaint is filed."),
            *amended*, 803 F.2d 1085 (9th Cir.1986), *cert. denied*, 484 U.S. 963 (1987). In case
18          these prior holdings were insufficiently clear, we restate the rule here. The filing
            of a complaint may be sanctioned pursuant to Rule 11 or a court's inherent power,
19          but it may not be sanctioned pursuant to § 1927.

20  *Moore v. Keegan Mgmt. Co.*, 78 F.3d 431, 435 (9th Cir. 1996).

21       Here, Defendant argues that the conduct of the K&M was unreasonable and vexatious

22  because: (1) there was little pre-suit investigation; (2) counsel was "inattentive" after filing suit

23  as evidenced by Plaintiff's Rule 26 Disclosures in which "K&M referred to exhibits and

24  'damages forms' that were nonexistent," and "served discovery requests that had no relation to

25  the fictional allegations set forth in Plaintiff's complaint," doc. 38 at 16; Olson Aff, Exhs. H,

26  L, and (3) filing this "lawsuit without adequate pre-suit inquiry and service of unwarranted

27  discovery requests unreasonably and vexatiously multiplied the litigation from day one." (Doc.

28  38 at 16) Defendant's arguments in support of the proposition that K&M's conduct is

sanctionable under Section 1927 focus mainly merits of the claims Plaintiff asserted in his Complaint.  Even assuming that K&M filed the claims in this action in bad faith and with full knowledge that they lacked merit, such conduct would not be sanctionable under Section 1927. 28 U.S.C. § 1927; *Moore*, 78 F.3d at 435.  Additionally, Defendant's assertion that Plaintiff's counsel was "inattentive" after filing suit as evidenced by Plaintiff's Rule 26 Disclosures in which "K&M referred to exhibits and 'damages forms' that were nonexistent," and "served discovery requests that had no relation to the fictional allegations set forth in Plaintiff's complaint," doc. 38 at 16; Olson Aff, Exhs. H, L, does not constitute conduct unreasonably and vexatiously multiplying the proceedings.  The record reflects that Plaintiff served Defendant with Plaintiff's Rule 33 Interrogatories, which included 17 interrogatories; Rule 34 Requests for Production of Documents, which included 19 requests; and Rule 36 Requests for Admissions, which included 34 requests.  (Doc. 38-1; Olson Aff, Exhs. F, G, H)  The number of discovery requests was within the limits prescribed in the applicable Rules of Federal Procedure and the Court's Scheduling and Discovery Order.  (Doc. 22); Fed.R.Civ.P. 33(a)(1) (providing for 25 written interrogatories); Fed.R.Civ.P. 34 and 36 (no limit on number of requests for production or admissions, respectively).  Additionally, Defendant did not object to the discovery requests based on their nature, number, or for any other reason.  The foregoing circumstances undermine Defendant's attempt to argue that Plaintiff's discovery was "vexatious" and warrants the imposition of sanctions in the form of attorney's fees and costs.

Additionally, the parties have only engaged in written discovery.  No depositions were taken and, although Defendant indicated its intent to file a dispositive motion, none was ever filed.  Thus, although some time lapsed between the completion of written discovery in the spring of 2010 and the filing of Plaintiff's motion for voluntary dismissal with prejudice on September 9, 2010, that delay did not lead to the unnecessary multiplication of the proceedings.

Defendant cites *Tucker v. The CBE Group Inc.*, 710 F.Supp.2d 1301 (M.D.Fla. 2010) in support of its request for attorney's fees and costs.  *Tucker*, however, is distinguishable from this case.  In *Tucker*, Plaintiff continued to litigate his case through summary judgment and never moved to voluntarily dismiss his case.  In this case, Plaintiff moved for voluntary

1    dismissal with prejudice before Defendant filed a dispositive motion, the course of action the

2    *Tucker* court suggested was appropriate to avoid sanctions. *Tucker*, 710 F.Supp.2d at 1307

3    (stating that "a majority of the allegations had no basis in fact and [plaintiff] failed to dismiss

4    any of these allegations, or requests for relief, until a summary judgment motion was filed.").

5        Defendant further argues that K&M's conduct in other similar actions shows a pattern

6    of abuse and bad faith  (Doc. 38)  Defendant maintains that this alleged abuse is evidenced by

7    the fact that the number of FDCPA cases filed reached an "all-time high in 2009, and [K&M]

8    was the most active filer (441 suits). (Doc. 38 at 2)  Defendant further states K&M frequently

9    files "boilerplate claims." (Doc. 38 at 12)  In *Anderson v. Asset Acceptance, LLC*, 2010 WL

10   1752609 (N.D.Cal. 2010), after defendant moved for summary judgment on plaintiff's FDCPA

11   claims, plaintiff - represented by K&M - moved to dismiss his complaint. Similar to this case,

12   defendant did not oppose the motion to dismiss, but sought attorney's fees and costs against

13   K&M pursuant to 28 U.S.C. § 1927 and the court's inherent authority. *Anderson*, 2010 WL

14   1752609 at * 2.  Defendant's counsel relied, in part, on the same argument regarding K&M's

15   litigation practices that Defendant asserts in this case. *Anderson*, 2010 WL 1752609 at * 2-3

16   (noting that K&M files numerous FDCPA actions containing similar allegations, regularly

17   makes "lowball settlement demands" in response to requests for deposition dates, and serves

18   "boilerplate discovery requests.").  The district court found that sanctions were not warranted

19   under either § 1927 or its inherent authority because there was no evidence that the litigation

20   practices of K&M *in that particular case* were abusive. *Id.* at * 5.  The court noted that Plaintiff

21   verified the complaint after consulting with counsel and defendant admitted calling plaintiff's

22   number in an attempt to contact another person.  *Id.* at * 5.  The court further stated that "[t]he

23   fact that Plaintiff was being contacted by Defendant, an admitted debt collector, shows that [the]

24   action was neither frivolous nor filed for an improper purpose [and] the action was not filed in

25   bad faith." *Id.*

26       Similar to *Anderson*, in this case, Defendant, an admitted debt collector, admits that

27   it called Plaintiff's number in an attempt to contact another person and admitted that Plaintiff

28   answered. (Doc. 9)  Plaintiff's claims are not unreasonable under the language of the FDCPA.

1  Additionally, before a dispositive motion was filed, Plaintiff moved to voluntarily dismiss his

2  action with prejudice.

3          The Court finds that Plaintiff's counsel's conduct in the course of these proceedings

4  is not sanctionable under Section 1927 and that Defendant's request for attorney's fees and costs

5  should be denied to the extent it is based on Section 1927.

6  **VI.  Sanctions under the Court's Inherent Power**

7          Federal courts have the inherent power to assess attorney's fees against counsel in

8  response to abusive litigation practices.  *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 765 (1980);

9  *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991) (courts have the inherent power to assess

10 attorney's fees against counsel that has acted in bad faith, wantonly, vexatiously, or for

11 oppressive reasons.).  A direct court may impose sanctions if it "specifically finds bad faith or

12 conduct tantamount to bad faith." *Fink v. Gomez*, 239 F.3d 989, 994 (9th Cir. 2001). "Sanctions

13 are available for a variety of types of willful actions, including recklessness when combined

14 with an additional factor such as frivolousness, harassment, or an improper purpose." *Id*.

15 Similar to Section 1927, the district court may only impose sanctions pursuant to its inherent

16 power "upon a finding of subjective bad faith."  *Potter v. Crosswhite*, 2010 WL 5573635, * 2

17 (D.Or. 2010) (citing *United States v. Stoneberger*, 805 F.2d 1391, 1393 (9th Cir. 1986)).  Also,

18 as with Section 1927, a finding of bad faith is warranted where counsel "knowingly or

19 recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of

20 harassing an opponent." *Fink*, 239 F.3d at 993.  For the reasons set forth above, the Court does

21 not find conduct equal or tantamount to bad faith[2] and, thus, sanctions are not appropriate under

22 the Court's inherent authority.

23

24          [2] Recently, in *Lahiri v. Universal Music and Video Distribution Corporation*, 606 F.3d
   1216, 1218 (9th Cir. 2010), the Ninth Circuit noted that it has not "addressed the burden of proof
25 required for a sanctions award" under court's inherent authority.  The court declined to resolve
   that issue because clear and convincing evidence supported a finding of bad faith where
26 plaintiff's counsel litigated a claim for five years and, had he conducted a cursory investigation,
   would have known plaintiff had no copyright interest in music he composed for hire under the
27 applicable law, made misrepresentations about applicable law, and engaged in other conduct
28 to mislead the court.

## VII.  Rule 11 Sanctions

Finally, Defendant seeks sanctions pursuant to Fed.R.Civ.P. 11 based on the failure of Plaintiff and K&M to conduct an adequate investigation before filing the Complaint in this matter and for proceeding on discovery based on "false allegations."  (Doc. 38 at 15)   Rule 11(c) provides that federal courts may impose sanctions on any attorney or party who, "after notice and an opportunity to respond," violates any of the provisions of Federal Rule of Civil Procedure 11(b). Fed.R.Civ.P. 11(c)(1). Federal Rule of Civil Procedure 11(b) allows for sanctions against any person who "signs a pleading, written motion, [or] other paper" brought for an improper purpose or is frivolous.  *Christian v. Mattel, Inc*., 286 F.3d 1118, 1127 (9th Cir. 2002).  Where a party's pleading is the primary focus of a Rule 11 motion, "a district court must conduct a two-prong inquiry to determine (1) whether the complaint is legally or factually 'baseless' from an objective perspective, and (2) if the attorney has conducted 'a reasonable and competent inquiry' before signing and filing it." *Christian*, 286 F.3d at 1127 (quoting *Buster v. Greisen*, 104 F.3d 1186, 1190 (9th Cir. 1997)).  Sanctions imposed pursuant to Rule 11(c) "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated."  Fed.R.Civ.P. 11(c)(4).  District courts have discretion to award a party who prevails on a Rule 11(c) motion reasonable attorneys fees, incurred in connection with the motion, when such an award is "warranted."  Fed.R.Civ.P. 11(c)(2).

Federal Rule of Civil Procedure 11 provides a specific procedure for urging a motion for sanctions. "A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). . . ."  Fed.R.Civ.P. 11(c)(2). Additionally, the movant must serve a motion on the party against whom sanctions are sought, and then may file the motion with the court any time following 21 days after service if the allegedly noncompliant filing is not withdrawn or otherwise appropriately corrected within that period. Fed.R.Civ.P. 11(c)(2). "These provisions are intended to provide a type of safe harbor against motions under Rule 11 in that a party will not be subject to sanctions on the basis of another's party's motion unless, after receiving the motion, it refused to withdraw that position or to acknowledge candidly that it does not currently have evidence to support a specified

1    allegation." *Potter v. Crosswhite*, 2010 WL 5573635, * 8 (D.Or. 2010) (quoting *Barber v.*

2    *Miller*, 146 F.3d 707, 710 (9th Cir. 1998) (internal quotation marks omitted)).

3            In this case, the Court will not consider the merits of Defendant's request for Rule 11

4    sanctions because Defendant has failed to comply with Rule 11's procedural requirements

5    making the request for sanctions "procedurally defective." *Potter*, 2010 WL 5573635 at * 8

6    (denying motion for Rule 11 sanctions that was not filed under after plaintiff's claims had been

7    dismissed because filing the motion at such time deprived defendant an opportunity to correct

8    the alleged Rule 11 violation.).  First, rather than filing a separate motion for Rule 11 sanctions,

9    Defendant's sanctions request appears in its response to Plaintiff's Motion to Dismiss.  (Doc.

10   38)  Additionally, in direct violation of Rule 11, Defendant did not in any way comply with

11   Rule 11's safe harbor provisions. By burying its request for Rule 11 sanctions in its response

12   to Plaintiff's motion to dismiss, which Defendant filed with the Court and served on Plaintiff

13   simultaneously, Defendant deprived Plaintiff of the opportunity to correct the alleged Rule

14   11(b) violation and violated the procedural requirements of Rule 11(c)(2). In view of

15   Defendant's failure to comply with the procedural requirements for bringing a Rule 11 motion,

16   the Court will deny Defendant's request for Rule 11 sanctions.

17   **VIII.  Conclusion**

18           For the reasons set forth above, the Court will grant Plaintiff's motion to dismiss with

19   prejudice and will deny Defendant's request for sanctions, attorney's fees and costs.

20           Accordingly,

21           **IT IS ORDERED** that Plaintiff's Motion to Dismiss with Prejudice, doc. 36, is

22   **GRANTED** and Defendant's request for sanctions, including an award of attorney's fees and

23   costs, against Plaintiff and/or his attorneys, doc. 38 at 2, is **DENIED**. The Clerk of Court shall

24   terminate this matter, each side to bear its own costs and fees.

25           Dated this 1st day of February, 2011.

26

27   _____

28                   Lawrence O. Anderson
                     United States Magistrate Judge

- 14 -